MARTHA A. HARRELL, APPELLANT, *vs.* MARGARET HARRELL, JAMES HARRELL AND OTHERS, APPELLEES.

1. Where a widow elects, under the provisions of the act of 1838, to take a "child's part" in the estate of her deceased husband, if there be no child, she takes one-half of the real estate in fee simple and a like quantity of interest in the personalty, including slaves, absolutely.

2. It is a rule, in construing statutes, that the original act and the amendment is to be viewed as one act, and that no portion of either is to be declared inoperative, if they can be made to stand together without wresting the words from their appropriate meaning.

This case was decided at Marianna.

The appellant filed her bill in the Circuit Court of Washington county against the appellees, alleging that her husband, William A. Harrell, died in Washington county, in this State, on the 27th day of February, 1856, and that letters of administration on his estate were granted to complainant; that at the time of the death of said William A. Harrell, he was the owner of certain real and personal estate described in the bill; that said William

A. Harrell left no children and no father, and that, aside from complainant, his widow, his nearest of kin are his mother and brothers and a sister, who are the defendants to the suit. The bill further alleges, that complainant is entitled, under the laws of this State, to dower in the estate of said William A. Harrell, or to a child's part in said estate, and having elected to take a child's part, and there being no child, she claims to stand in the place of a child and to be entitled to the whole estate. The bill also alleges, that if complainant does not take the whole estate, she is entitled to one-half, and that the defendants, as next of kin, take the other, and concludes with a prayer for a decree assigning to complainant the whole of the property as her "child's part" of the estate of said William A. Harrell, and that if she is not, by her election, to take a child's part, entitled to the whole, then that she be decreed to be entitled to one half thereof.

The defendants demurred to the bill of complaint, alleging specially that complainant is only entitled to her dower in the lands and to one-half of the personal estate left by the said William A. Harrell, dec'd, the lands and slaves belonging to her only for and during her natural life, and to no other or greater interest, share or portion of said estate.

The Court sustained the demurrer and dismissed the bill with costs.

*Yonge & McClellan* for appellant.

*A. H. Bush* for appellees.

DuPONT, J., delivered the opinion of the Court.

The first section of the act of 1828, in relation to dower, (Thomp. Dig., 184,) provides, that "when any person shall die intestate, or shall make his last will and testament,

and not therein make any express provision for his wife, by giving and devising unto her such part or parcel of real and personal estate as shall be fully satisfactory to her, such widow may signify her dissent thereto in the Circuit or Probate Courts of the county wherein she resides (and if there be no Court in the county, then to either of the said Courts in the next adjoining county) at any time within one year after the probate of such will, and then and in that case she shall be entitled to dower in the following manner, to wit: one-third part of the lands, tenements and hereditaments of which her husband died seized and possessed, or had before conveyed, whereof said widow had not relinquished her right of dower, as heretofore provided for by law, which third part shall be and inure to her proper use and behoof in and during the term of her natural life," &c., &c.

The second section provides, that "when a husband shall die intestate, or shall make his last will and testament, and not make provision therein for his wife, as expressed in the first section of this act, she shall be entitled to a share in the personal estate in the following manner, to wit: If there be no children, or, if there be but one child, in that case she shall be entitled to one-third part in fee simple, except slaves, in which she shall have a life estate, and such claim shall have preference over all others."

The act of 1838, which is amendatory to this act, (Thomp. Dig., 185,) provides as follows: "In all cases in which the widow of a deceased person may be entitled to dower under the statute to which this is an amendment, she shall make her election either of dower or of a child's part within twelve months after the probate of the will or granting letters of administration, or she shall be confined to her dower."

" If a widow take dower, she shall be entitled only to a life estate in the real property, to return at her death to the estate of her deceased husband for distribution. If she take a child's part, she shall have in the property set apart to her, a fee simple estate in the real property and an absolute title to the personal property, including slaves, with power to control or dispose of the same, by will, deed or otherwise."

In the case before us, the widow took administration on the estate of her deceased husband, and she has elected to take a child's part in the same. The bill was brought by her against the next of kin of her husband, being the mother, brothers and sister, and asked that it might be declared by the Court what was the quantity and extent of her interest under that election. It also alleged that she is and was childless at the time of the decease of her husband, and that the estate consists of lands, slaves and some other personal property. Under this state of facts, she insists that she is entitled to the entire estate after the payment of debts, there being no child to divide the estate with her, and, if not to the whole, then to one full moiety of the same.

For the next of kin it is insisted that the widow must be confined to her dower, and that her's is not a case of election within the provision of the amendatory act of 1838, there being no child or children by which her claim of a *child's part* can be admeasured. This contest involves a construction of the act of 1838, and raises two questions: 1st. Whether the widow was entitled to make her election between dower and a child's part in a case where there is no child living at the death of the husband? and, secondly, if she be entitled to her election, what is to

be the quantity and extent of her interest in the estate under such election?

Upon a cursory examination of the provisions contained in the act of 1838, there does seem to be some difficulty in applying them to the facts of this case; but, when it is remembered that it is an enabling act, being expressly amendatory of the act of 1828, the difficulty vanishes under the well established rule that the original statute and the amendment are to be viewed as one act, and that no portion of either is to be declared inoperative if they can be made to stand together without wresting the words from their appropriate meaning. The act of 1828 provides expressly for the case where there is no child, giving in. that event a certain portion of the estate to the widow.. The enactment of 1838 was evidently intended for the benefit of the widow, by giving to her a higher estate than she would get, under the provison for dower, contained in the old act, should she elect under the circumstances to take it. Three conditions of the estate were provided for under the old act, to wit: Where there should be no child —where there should be one child, and where there should. be more than one child. To hold that the amendatory act, which is general in its character, embraces only the two latter conditions, and is not to be applied to the first, we think would be giving a construction to the act not warranted by any recognized rule of interpretation. The operation of the statute is as broad and comprehensive as language can make it. The words are: "*In all cases* in which the widow of a deceased person may be entitled to dower under the Statute to which this is an amend-ment, she shall make her election," &c., &c. Now, where there is no child, is one of the very cases mentioned' in the Statute giving dower, and we can discover nothing in the words or context, which even seem to exclude from its

·operation a case of this kind. We therefore conclude, that the complainant is entitled to make her election between ·dower and a child's part, in the estate of her deceased husband.

But the question recurs, what shall be the measure of the widow's interest, where she elects, under the circumstances of this case, to take a child's part? For her it is insisted, that the child's part amounts to the entire estate: that forasmuch as the child would take the entire estate, if there were no widow, so the widow will take the whole ·estate where there is no child. This argument scarcely has the credit of speciousness; it is wholly illogical. The act of 1828 defines very clearly the measure of her interest as dower, viz: one half; if that be not the measure of her interest under the act of 1838, then she has none. It is very evidently the intention of the Statute to place the claim of the widow upon the same footing, whether there should be one child or no child.

An argument of some speciousness has been pressed upon the Court, deduced from the assumed conflict between this conclusion and the provisions of the act of descents and distribution. If we have correctly apprehended this argument, it is, that the Statute regulating descents, (the provisions of which are by subsequent enactment made the rule of distribution also,) having in case there be no child surviving at the death of the intestate, directed the property go first to the father, and if there be no father, then to the mother, brothers and sisters and their descendants, if the act of 1838, were to be so construed as to permit the widow to take the whole estate, in a case like this, it would amount to a virtual repeal of the Statute. We suppose that if this argument is tenable as to the whole, it is equally so as to the claim for the half. The idea seems to be that a construction of the act of 1838, which will give the

fee in the realty, and an absolute estate in the personalty to the widow, would be to defeat the operation of the Statute regulating descents and distributions. Now there is no question that the act of 1838 does, in a case where there is one or more children, give to the widow a prescribed portion of the fee in the realty, and a like portion of absolute estate in the personalty. In such a case, it has never been doubted, that if she so elect, she is to be counted as a child, and that the estate is to be equally divided between the widow and the child or children, as the case might be. To the extent of her interest, therefore, the full and absolute estate, which, under the provisions of the act of descents is directed to descend to the collateral kindred, is curtailed by the operation of this Statute; and yet it has never been supposed that the two Statutes were in conflict. Why, even under the act of 1828, assigning dower to the widow, the personalty, (other than slaves,) which would otherwise go to the next of kin by distribution, is vested in her absolutely.

Entertaining this view of the Statute, we are of the opinion that the bill ought not to have been dismissed. It is therefore ordered, adjudged and decreed that the decree of the Chancellor dismissing the bill filed in this cause, be reversed and set aside, and that the cause be remanded for such further proceedings in the court below, not inconsistent with the views expressed in this opinion, as may be appropriate.

It is further ordered that the Appellees do pay the costs of this appeal.