INHABITANTS OF BYRON, appellants, from decision of the County Commissioners of Oxford County.

Section 22, c. 18, of R. S. as amended by Public Laws of 1862, c. 123, takes the place of the original section; and the reference in § 23 to the "preceding section," since the date of such amendment applies to § 22 as amended.

Hence, an appeal lies from the decision of the county commissioners rendered on a petition setting out an unreasonable refusal of a town to accept a town-way duly laid out from land under improvement therein to a town-way, by its selectmen on the petition of an owner of such land.

ON EXCEPTIONS.

APPEAL from the decision of county commissioners.

On Sept. 4, 1864, one Samuel Houghton, owning certain improved land in Byron, petitioned the selectmen to lay out a town-way from his land to a certain town-way already existing in Byron. After due proceedings thereon, the selectmen duly laid out the way and made the proper report of their acts ; and on the 15th of October following, the town, at a legal meeting duly called, and under a sufficient article, refused to accept the way laid out as above stated.    Thereupon, the county commissioners, after due proceedings had, upon the petition of Houghton, determined and adjudged that public convenience and necessity required the location of said town-way, that the town unreasonably refused to accept said way, that the same should be laid out and accepted, and directed that

Inhabitants of Byron, appellants.

their proceedings be recorded by their own, and the clerk of the town.

Thereupon, the inhabitants of Byron, at the September term of this court, 1867, entered an appeal from the decision of the county commissioners, a committee was duly appointed, which, after due notice and proceedings made and returned their report wholly reversing the decision of the county commissioners.

To the acceptance of the report of the committee, John Houghton, the original petitioner, appeared and objected, alleging that the statute did not authorize an appeal from the decision of the county commissioners, in such case, but that their adjudication and decision in the premises were conclusive.

The presiding judge overruled the objection, and accepted the report of the committee; and thereupon Houghton alleged exceptions.

*Bolster & Wright*, in support of the exceptions.·

*E. G. Harlow*, contra.

APPLETON, C. J.   By R. S., 1857, c. 18, § 22, " When the municipal officers unreasonably neglect, or refuse to lay out, or alter a town-way, or a private way on petition of an inhabitant, or of an owner of land therein for a way leading from such land under improvement, to a town or highway, the petitioner therefor may, within one year thereafter, present a petition stating the facts to the commissioners of the county at a regular session, who are to give notice thereof to all persons interested, and proceed to act thereon as is provided respecting highways.   Their decision, returned and recorded, is to be conclusive; allowing those aggrieved by their estimate of damages, a right to have them assessed by a committee or jury, as is provided respecting highways.   The damages, and the costs if the damages are increased, are to be paid by those liable if no such application had been made; and the commissioners may issue a warrant of distress to collect the same."

By § 23, " When a town unreasonably refuses to discontinue a

town or private way, or to accept one laid out and altered by the selectmen, the parties aggrieved may, within the time and in the manner stated in the preceding section, present a petition to the commissioners, who shall, in like manner, proceed and act thereon, and cause their proceedings to be recorded by their own and by the town clerk; and the rights of all parties may be preserved and determined as provided in that section."

By the act approved March 18, 1862, c. 123, " section twenty-two of chapter eighteen of the revised statutes is hereby amended by striking out of said section all after the word " highways " on the ninth line thereof, and inserting in lieu thereof the following words :

" When their decision is returned and recorded, parties interested have the same right to appeal to the supreme judicial court in said county, and also the same right to have their damages estimated by a committee or jury as is provided in this.chapter respecting highways."

The 22d section was accordingly so amended. By this section the right to appeal is given to all cases within its purview. Is the same right extended to cases embraced within § 23 ?

The act of 1862, c. 123, is the modification of an existing statute. It provides that § 22, after its amendment, shall still be and remain § 22 of c. 18 of the revised statutes. Chapter 18 must, therefore, after the passage of the act of 1862, be regarded and construed as containing the 22d section as now amended.

If it were not so, the rights of parties under § 23 would be lost. The rights of all parties could not " be preserved and determined as provided in that section," as it stood before the amendment, for the mode and manner of preserving and determining them as thereby provided have been repealed.

The twenty-third section of c. 18, remains. It has not been repealed. Effect should be given to it. The preceding section, upon which the rights of parties depended, has been modified, but it is still § 22, with its modifications. Section twenty-three still refers to the preceding section. If to the preceding section, as it

stood before the amendment, then no rights are protected. If the reference be to the preceding section as amended, that is, if the reference is to continue and apply to the preceding section, with its amendment, from the time of such amendment, then the rights of all parties will be preserved. The original statute and the amendment are to be viewed as one act. No portion of it is to be regarded as inoperative. The amended section takes the place of the original section by the terms of the act. The intention of the legislature was, that the act should remain with the same number of sections as before. From the date of the amendment, the statute is to be construed as if, originally, the statute was as amended. Consequently, then, there is the same right of appeal under § 23, as is given under § 22. *Harrell* v. *Harrell*, 8 Florida, 46. *McKibben* v.*Lester*, 8 Ohio, N. S. 627. *Blake* v. *Brackett*, 47 Maine, 28.

Both sections relate to the same subject-matter, and are part of the same statute. The rule is, that in endeavoring to ascertain the meaning of a statute, all laws relating to the same subject-matter are to be construed together. Much more is this principle applicable to sections of one and the same statute.

*Exceptions overruled.*

WALTON, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.