HILL, executor, *v.* HILL.

A widow is not bound by the acceptance, in lieu of dower and year's support, of a promissory note given to and accepted by her shortly after the death of her husband (within one month thereafter), such note being the personal obligation of the person named in her husband's will as executor, and the amount thereof being the sum named in the will as a legacy to her in lieu of dower and year's support, the executor not having then qualified and the will not having been admitted to record but only probated in vacation in common form. The widow having repudiated her election thus made, and offered to rescind by tendering back the note to the executor before the will was admitted to record and before the executor qualified or obtained letters testamentary, the transaction was no bar to her claim of dower and year's support; and on the agreed facts, the court did not err, on the trial of her right to dower and year's support, in excluding her receipt given for the legacy at the time the executor executed and delivered the promissory note so tendered back to him.

January 11, 1892.

Dower. Year's support. Election. Executor. Before Judge McWHORTER. Wilkes superior court. May term, 1891.

Mrs. Hill, as the widow of J. D. Hill, on December 15, 1888, made application for the setting apart to her of dower in a tract of land of which she alleged her husband died seized and possessed. Commissioners were appointed, and made their report to the superior court, setting apart to her a portion of the land. This return was caveated by D. C. Hill, as next friend of the minor children and heirs at law of J. D. Hill, upon the ground that J. D. Hill by his last will gave to Mrs. Hill $1,000 expressly in lieu of dower and year's support, which, since his death, she had accepted. Mrs. Hill also applied for the setting apart to her of a year's support, and at the December term, 1888, of the court of ordinary, appraisers were appointed who afterwards made a return setting apart to her a year's support. This return also was caveated by the executor, upon the ground above stated. Appeal to the superior court was taken, where the questions were consolidated and tried together.

By the will of J. D. Hill he gave to Mrs. Hill $1,000 to be paid her by his executor within three months after his death, in lieu of dower, year's support or any other interest in his estate. This will was proved in solemn form and admitted to record at the November adjourned term, 1888, of the court of ordinary. D. C. Hill, executor and next friend, tendered in evidence a receipt dated October 2, 1888, and signed by Mrs. Hill, the applicant, acknowledging the receipt from him, executor of J. D. Hill, of $1,000; the receipt expressing that this sum was bequeathed to her by her husband in lieu of dower, year's support or any other interest in his estate, and that she accepted this legacy with a full knowledge of the fact that the law would give her the option of dower and year's support, or a child's part. The execution of this receipt was admitted by counsel for the applicant, but its introduction in evidence was objected to, upon the ground that it appeared that this payment to Mrs. Hill

was made to her before the will was admitted to record and before the executor named therein had qualified, and because it also appeared that, prior to the record of the will and qualification of the executor, Mrs. Hill tendered back to D. C. Hill the legacy received by her. It was admitted that the will of J. D. Hill was never admitted to record as having been proved in common form, and that on November 12, 1888, before an order had been passed admitting the will to record as proved in solemn form, and before the nominated executor had qualified as executor of the will, and before any letters testamentary had been issued to him, a written notice tendering to him a promissory note annexed thereto, given by him to Mrs. Hill for $1,000 on October 2, 1888, was given him, the notice stating that the note signed by him in his individual capacity and delivered to her on the day of its date was tendered him, and that she demanded of him the return of the paper signed by her and delivered to him when said note was delivered to her, and that she made this tender and demand because she intended to apply for twelve months' support and dower out of the estate of her husband. It was further agreed that D. C. Hill, the executor, refused to receive the $1,000 note and refused to surrender to Mrs. Hill the paper demanded of him in the notice, the same being the receipt signed by Mrs. Hill for the legacy left her in the will of her husband in lieu of dower and year's support. The tender and demand above referred to were made after the ordinary had orally announced his decision sustaining the will of James D. Hill, but before any written order was passed admitting the will to record. After the tender was made and refused the will was admitted to record as having been proved in solemn form, and D. C. Hill then qualified as executor.

The court sustained the objection and excluded the receipt, to which ruling the executor excepted. The case

was submitted to the jury, who found in favor of the applicant.

HENRY JACKSON, B. S. IRVIN and S. H. HARDEMAN, for plaintiff in error.

W. M. & M. P. REESE and F. H. COLLEY, *contra*.

LUMPKIN, Justice.

This case was tried twice in the superior court of Wilkes county before the writer who was then on the circuit bench, resulting each time in a mistrial. My distinguished successor in office entertained upon one of the questions involved an opinion different from that which I had expressed and followed while presiding in the trial court. I then thought that although the will had not been admitted to record, and the executor had not qualified as such and had not received letters testamentary, he had the authority to make a contract with the widow, by the terms of which she could relinquish her claim to dower and year's support in the estate, accepting in lieu thereof a money legacy bequeathed to her by the will, and taking in satisfaction of the legacy the executor's individual note, and that if this transaction was fairly made and free from all fraud, misrepresentation or concealment on the part of the executor, it was binding upon the widow, though made within one month of her husband's death, and though it was still in her power to restore the *status* by returning to the executor his note and asserting her claim to dower and year's support. Whether or not the contract between the executor and the widow was fairly and honestly made, was the issue I submitted to the juries. The question as to the amount of time which should be allowed the widow to consider of her election was not presented to me nor did I pass upon it at all. I simply undertook to follow §2398 of the code, under the terms of which I thought that immediately upon the death of the testator, the person named in the will as executor could begin the

discharge of his duties as such, and that all acts done by him which would be lawful and proper if done after the will had been duly probated and admitted to record and he had properly qualified as executor and received letters testamentary, would be valid though done before these things occurred, the executor taking the risk of personal liability for his acts, in case the will should not be set up, or he should fail to receive due authority to act as executor. I now agree with Judge McWHORTER and my brethren of this bench in holding that this construction of the section above cited is too liberal. It simply expresses what was the common law on the subject to which it refers, and relates mainly to titles, rights and other matters, derived from or fixed by wills, and does not deal specially with the powers and duties of executors. §§2438 and 2487 of the code prescribe what shall be the powers of an executor before the will is admitted to record and before his qualification, and they do not confer upon him the right to make any such contract as was made with the widow in this case.

Returning for a moment to the other question mentioned, the policy of our law forbids that a widow should be required to determine hastily whether or not she will elect to take a legacy in lieu of her dower and year's support. She should be allowed ample time and opportunity to obtain all necessary information, and to consider the question fully and carefully, so as to act deliberately and advisedly. Granting, for the sake of argument, that the executor had the requisite authority to make with her the contract in question, it was her right, before the record of the will and the qualification of the executor, to return to him his note and repudiate the election she had made, it being, under the facts as agreed upon, entirely practicable for her to do so without injury to the estate, or to the executor personally.

*Judgment affirmed.*