Benedict v. Wilmarth.—Syllabus.

MARY E. BENEDICT, *Appellant*, v. THOMAS S. WILMARTH, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF CHARLES B. BENEDICT, DECEASED, *et al., Appellees.*

1. A widow by qualifying as executrix of her husband's will, and by uniting with her co-executor in foreclosing mortgages of her husband's estate, and by buying in the property for the use of the estate, and who has done no other act as executrix which would make it impracticable for her to repudiate the will without prejudice to the rights of others, is not thereby estopped from electing within twelve months to take dower or a child's part in the estate of the deceased husband.

2. If, under the circumstances stated in the above headnote, a widow elects to take a child's part in her husband's estate, her statutory rights in the estate of her husband are superior to those of legatees under the will.

3. If, under the circumstances stated in the first headnote, a widow elects to take a child's part in her husband's estate, she takes a child's part subject to the debts of the estate and the cost of administration up to and including the point of actual distribution.

4. If, under the circumstances stated in the first headnote, a widow elects to take a child's part in her deceased husband's estate, and there is one child and heir of such deceased husband, the widow is counted as a child, and she will be entitled to one-half of the estate, after the payment of the costs of administration, as stated in the foregoing headnote.

5. A bill by the widow which sets up the fact of the marital relation, the decease of the husband, that he left surviving him one child, that he left a will, that the will contained various legacies and trusts, that the widow was named executrix in the will, that she qualified as such, and that within twelve months after the probate of the will she elected to take a child's part in the estate of her husband, and praying that she be decreed to be entitled to a child's part, that the same be set apart to her and her share be delivered into her possession, that certain portions of the property can not be partitioned, but will have to be sold for partition, that the surviving child and heir is a legatee under the will, and is of unsound mind, and has been so adjudicated to be, and that some of the legatees are minors, sets up a state of facts which call for the ascertainment and adjudication of the rights and interests of the parties in a court of equity.

This case was decided by Division A.

Appealed from Circuit Court for Duval county.

## Statement.

On the twenty-fifth day of August, 1899, Mary E. Benedict filed her bill in the Circuit Court of Duval county, Florida, against Thomas S. Wilmarth as executor of the last will and testament of Charles B. Benedict, deceased, William H. Benedict, a person of unsound mind, William N. Benedict as guardian of the person and property of William H. Benedict, Walter N. Benedict in his own right and person, all of Duval county, Florida, Eugene F. Benedict of Cleveland, Ohio, Gertrude H. Steele and Helen B. Steele of Galesburg, Illinois, the last two minors, and alleged in substance that Charles B. Benedict, late of Duval county, Florida, now deceased, was at the time of his death a citizen and a resident of Duval county; that he died on the twenty-sixth day of June, 1898, leaving a will; that complainant, Mary E. Benedict, was married to Charles B. Benedict in his lifetime, was his wife at the time of his death and is now his widow; that Charles B. Benedict left surviving him only one child, to-wit: William H. Benedict, who was more than twenty-one years old and unmarried, and left no other heir; that William H. Benedict upon proper legal proceedings has been adjudged insane and *non compos mentis* under the laws of Florida, and that Walter N. Benedict had been duly appointed guardian of the property and also guardian and committee of the person of William H. Benedict; that on the eighteenth day of November, 1898, Walter N. Benedict filed the bond required by the decree of the chancery court and qualified as such guardian and committee; that on the twenty-sixth day of August, 1898, the last will and testament of Charles B. Benedict, including two codicils, was admitted to probate in the county judge's court for Duval county; that in said will the complainant Mary E. Benedict and Thomas S. Wil-

marth and Eugene F. Benedict were named as executors; that on the twenty-fourth day of August, 1898, Eugene F. Benedict filed his declination or refusal in writing to qualify and serve as an executor of said will; that on the twenty-sixth day of August, 1898, Thomas S. Wilmarth qualified as executor, and that on the same day the complainant qualified conditionally as executrix of said will, and expressly stipulated in writing in her qualification that she did not waive, but expressly reserved all her rights as widow to dissent as to the provisions of the will, and to elect to take dower or a child's part in lieu thereof in the estate of Charles B. Benedict; that on the seventeenth day of September, 1898, letters testamentary issued to said Mary E. Benedict and Thomas S. Willmarth as executrix and executor of said will. Certified copies of the will and codicils, of the refusal of Eugene F. Benedict to act as executor, of the order of the county judge admitting the will to probate, of the oath and qualification of the executrix and executor and of the letters testamentary, marked as exhibits, are filed with the bill as parts thereof.

The bill alleges that on the twenty-third day of February, A. D. 1899, said Mary E. Benedict, as widow of Charles B. Benedict, deceased, did signify, declare and file in writing in the county judge's court for Duval county, her dissent to the said last will and testament of Charles B. Benedict and of the codicils thereto; that she was not satisfied with the provisions thereof, and that she did elect to take a child's part of the estate, real and personal property of every kind whatsoever, of Charles B. Benedict, at the time of his death, or which belongs to or may accrue to his estate, in lieu of the provisions of said will and codicils, and in lieu of dower in said estate, and a certified copy of such election and of the order of the county judge admitting the same to record and a part of the proceedings in the said estate of Charles B. Benedict, made on the twenty-third day of February, 1899, are attached as exhibits to the bill and made parts thereof; that complainant still signifies her dissent to the said last

will and codicils thereto, and still elects to take a child's part of the real and personal estate of said Charles B. Benedict, which belongs or may accrue thereto in lieu of the provisions of the will and codicils, and in lieu of dower; that at the time of his death Charles B. Benedict was seized and possessed of divers lots, pieces and parcels of lands and tenements with the hereditaments and appurtenances belonging thereo, in Duval and other counties in Florida, and in North Carolina, and was possessed and owned personal property; that a list thereof was filed in the county judge's court of Duval county, and a certified copy thereof, marked as an exhibit, is filed with the bill as a part thereof, and that the valuations thereof are approximations, and it is prayed that for the purposes of this suit the values be ascertained under the directions of the court; that several mortgages particularly described have been foreclosed by the executor and executrix, the property involved sold, and bought in by the executor and executrix for the use and benefit of the estate; that the devises and bequests of the will and codicils to Mary E. Benedict, complainant, and William H. Benedict are shown by the copies thereof attached to the bill as parts thereof; that by said will and codicils it is provided Walter N. Benedict, Eugene F. Benedict, Gertrude H. Steele and Helen B. Steele, have certain contingent or residuary interests in the property left to William H. Benedict; and Walter N. Benedict, Gertrude H. Steele and Helen B. Steele are attempted to be given some residuary or contingent interest in the property devised and bequeathed to complainant Mary E. Benedict, the particulars of all which appears by the will and codicils made a part of the bill; that by said will and codicils a legacy of $1,000 was left to Caroline A. Whitcomb of Leominster, Massachusetts, a legacy of $1,000 to Eugene F. Benedict, a legacy of $2,000 to Gertrude H. Steele, a legacy of $2,000 to Helen B. Steele, and a legacy of $2,000 to Walter N. Benedict; that the indebtedness of the estate will probably not exceed $3,000; that complainant is advised and alleges that under the laws of Florida, and under

her election to take a child's part of the property of said estate, she is entitled to one-half of the real and personal property belonging to the estate of Charles B. Benedict; that the same is not subject to the provisions of the will and codicils, nor to the legacies thereof, nor to the debts of Charles B. Benedict or of his estate; that by the terms of the will and codicils large portions of the property are left to the executors as trustees upon specified trusts, and for the proper execution thereof it is necessary that the executrix and executor have the advice and determination of the court as to what are the rights and interests of the said complainant in said estate, as distinguished from the rights, powers and duties and interests of said trustees; that the said William H. Benedict, for whose benefit during his natural life large portions of the property are bequeathed to the executors, is of unsound mind and has been so adjudicated to be, and that his guardian and committee William N. Benedict, is unable to make a contract or agreement with reference to the distribution of the estate, and that partition can only be made under the decree of this court; that certain property described in the bill can not be divided in specie, and will have to be sold; that complainant's interests will have to be ascertained and set off to her under the direction of the court.

The bill prays that complainant be declared by the decree of the court to be entitled to a child's part, to-wit: one-half of the real estate in Florida, and one-half of the personal estate wherever situate; that the same be set apart to her; that for this purpose commissioners be appointed and other proceedings had as the court may direct; that in case a fair and practicable partition can not be made of any property, or the same can not be equalized or compensated otherwise, that such property be sold and the proceeds divided after deducting the costs of sale and partition; that such lands and appurtenances as may be partitioned to complainant may be properly conveyed to her, and possession thereof delivered; that she be allowed reasonable costs and expenses of this

suit, and complainant then prays for general relief and for process against the defendants, etc.

We do not deem it necessary for the purposes of this case to insert the will and codicils, as the foregoing statement of the substance of the bill sufficiently affords the data for our opinion, with such further statements as may be therein made.

A guardian *ad litem* was appointed for the minors Gertrude H. and Helen B. Steele.

All of the defendants demurred to the bill, alleging in substance, first, that the bill was without equity; second, that there is no property in respect to which complainant is entitled to any relief; third, that the bill alleges conclusions of law; fourth, that complainant in proving the will and qualifying as executrix, thereby accepted the trusts of the will and can not be permitted to deny, question or antagonize the same; fifth, that complainant shows no right to have a child's part, and one free from debts; sixth, that the complainant does not show herself entitled to a child's part exempt from the charge of specific legacies, or from liability to contribute to the payment of the expense of administration.

On the twelfth day of June, 1900, these demurrers were heard and the judge decreed that the bill of complaint was without equity; that complainant was not entitled to the relief prayed, or to any relief; that the demurrers be and are respectively sustained, and the bill be dismissed at complainant's cost.

On the twenty-fifth day of June, 1900, upon the motion of the guardian *ad litem* for the minor defendants the court ordered that complainant pay said guardian *ad litem* forthwith the sum of $25, for fees of counsel employed by said guardian *ad litem* in the said cause.

The complainant appealed to this court from the decrees of the twelfth and twenty-fifth of June, 1900, and here assigns as error, in substance, first, that the court erred in making the order and decree of June 12th, 1900; second,

the court erred in said order that the bill was without equity, and that complainant was not entitled to the relief prayed or any relief; third, the court erred in said decree in sustaining the several general demurrers to the bill; fourth, the court erred in said decree in sustaining the several special demurrers to the bill, and each of them; fifth, the court erred in said decree in dismissing the bill at complainant's costs; sixth, the court erred in the decree of June 25th, 1900, in ordering Mary E. Benedict, complainant, to pay to the guardian *ad litem* of the minor defendants the sum of $25.00.

*Cooper & Cooper* for appellant.

*R. H. Liggett* for appellee, Thomas S. Wilmarth, as Executor, etc.

*Duncan U. Fletcher* for the other appellees.

HOCKER, J. (*after stating the facts*).—We think that the following questions are presented to us by this record: 1st. Did Mary E. Benedict by qualifying as executrix of her husband's will, and by uniting with the coexecutor in foreclosing several mortgages of the estate, and by buying in the property for the use of the estate, thereby elect the provisions made for her in the will, and was she thereby estopped from afterwards dissenting from the will, and from electing to take a child's part in lieu of the provisions of the will, and in lieu of dower?

2nd. If the answer to the above question is in the negative and she had a right to elect a child's part, is the claim thus asserted (a) superior to that of creditors? (b) should the widow contribute from the child's part to the payment of the expense of administration? (c) is her claim superior to those of legacies?

3rd. Was the complainant chargeable with the fee of $25 allowed the guardian *ad litem?*

4th. Was there equity in the bill?

We will examine these propositions in the order stated.

1st. The following sections of the Revised Statutes, relating to the question to be examined, are quoted as follows:

"Section 1830. When any person shall die intestate, or shall make his last will and testament, and not therein make any express provision for his wife by giving and devising unto her such part or parcel of real and personal estate as shall be satisfactory to her, such widow may signify her dissent thereto in the Circuit or County Judge's court of the county wherein she resides at any time within one year after the probate of such will, and then and in that case she shall be entitled to dower in the following manner  *   *   *  ."

"Section 1831. When a husband shall die intestate, or shall make his last will and testament, and not make provision therein for his wife, as expressed in section 1830, she shall be entitled to a share in the personal estate in the following manner, to-wit: If there be no children, or if there be but one child, she shall be entitled to one-half; but if there be more than one child, she shall be entitled to one-third part in fee simple, and such claim shall have preference over all others, and the said share shall be free from all liability for the debts of the decedent."

"Section 1833. 1. In all cases in which the widow of a deceased person shall be entitled to dower, she may elect to take in lieu thereof a child's part. 2. Such election shall be made within twelve months after the probate of the will, or granting letters of administration, or she shall be confined to her dower. 3. If a widow take dower, she shall be entitled only to a life estate in the real property, to return at her death to the estate of the deceased husband for distribution; if she takes a child's part, she shall have in the property set apart to her a fee simple estate in the real property, and an absolute right to the personal property set apart to her, with power to control or dispose of the same by will, deed or otherwise."

There is no doubt of the force of the general rule invoked by appellees, that "a trustee must assume the validity of the trust under which he acts;" that a person can not accept and reject the same instrument, or having availed himself of it as to part, defeat its provisions in any other part, and that this rule applies to deeds, wills and all other instruments whatever. *Saunders v. Richard,* 35 Fla. 28, text 41, 16 South. Rep. 679. But it seems to us that it would be inconsistent with the policy of the statute law giving the right to a widow to elect within twelve months between the provisions of the will of her husband, and the statutory provisions of dower or child's part, to apply this rule in its rigor, to the facts of this case. We have discovered one case in which the rule was rigorously applied, and in which it was held that where a widow qualified as executrix of her husband's will she could not afterwards dissent from the will and claim dower. *Mendenhall v. Mendenhall,* 8 Jones' Law (N. C.) 287. The contrary is held in California. *In re Gwyn's Estate,* 77 Cal. 313, 19 Pac. Rep. 527. The statutory provisions of Georgia are somewhat like our own, in respect that they give the widow the right of election between the will of her husband, and dower, or a child's part (except that it is expressly provided that if she make the election in ignorance of the facts she will not be bound by it). In the case of *Churchill v. Bee & Co.,* 66 Ga. pp. 621-632, a widow qualified as executrix under the will of her husband, and it was held (p. 632) that "the mere fact that she executed the will, will not impair the exercise of her right of election, but if in executing it she does acts, and involves third persons in so acting, which do not at all consist with her claim of dower, if she sells and mortgages it, and treats it as assets, such acts should be construed to manifest her election to take under the will."

It is held in *Hill v. Hill,* 88 Ga. 612, 15 S. E. Rep. 674, that a widow might repudiate an election she had made, where it was practicable for her to do so without injury to the estate, or to the executor personally. See, also, *Steele*

*v. Steele's Adm'r.* 64 Ala. 438; *Adams v. Adams,* 39 Ala. 274; *Stephens v. Gibbes,* 14 Fla. 331, and especially pages 356 to 360 inclusive.

The statute gives the widow twelve months within which to ascertain the facts which will enable her to make a rational decision between the will and her statutory rights of dower or child's part, and unless during that time she does some act or acts which clearly indicates her purpose to abide by the will, and which would make it impracticable for her to repudiate her election to take under the will without prejudice to the rights of others, we do not think she should be deprived of her right of election to take dower or a child's part before the expiration of that time. The fact that she qualified as executrix, and joined with her co-executor in collecting claims due the estate are not in our opinion such acts as amounted to an irrevocable election. (a and b) The next proposition is, having elected to take a child's part and being enabled to do so, is her claim superior to that of creditors, and is it liable to costs of administration? It is probable that our statute allowing a widow to elect "a child's part" in her husband's estate was taken, with modifications, either directly or indirectly from the statute of North Carolina passed in 1784 (Rev. Stats. of N. C., pp. 612-615) 14 Fla. 355. In 1801 the Supreme Court of North Carolina, in interpreting the statute, says: "The act of 1784 extends to the widow that principle of equality which was before confined to the children, and in all cases where there are two or more she is equally entitled to the personalty with them. This is evident from the law using the expression "a child's part," which *ex vi termini,* imports as large a share as any child has. *Davis v. Duke,* Cameron & Norwood (N. C.) 361.

In Georgia, where a widow is permitted by statute to elect to take a child's part in lieu of dower, it was held by the Supreme Court, in an opinion by Judge BLECKLEY, that where the widow sells the whole of her deceased husband's estate, or an estate beyond her own life, her election to take

a child's part is made, and the purchaser takes her distributive share and becomes a part owner with the children of the intestate. *Brown v. Cantrell*, 62 Ga. 257.

The sections of the Revised Statutes already quoted were substantially taken from the territorial acts of 1828 and 1838. In 1840 the appellate court of Florida, then a territory, in the case of *Ellis v. Parish*, in an opinion filed February 10th, 1840, explicated the phrase "a child's part." The court says the term "child's part" evidently meant the part or share of the estate to be apportioned amongst the children by the existing laws of the territory, after the widow's dower and *debts of the estate were satisfied.* This, from the nature of the provision, must be a varying share or proportion to be *determined by the number of the children with the addition of the widow.* The addition will have to be made by necessary intendment, otherwise the result would be absurd or might be destructive of the claim of a child. · For instance, if one child only was left and a widow, both would be regarded as children to take an equal part. If two. children and a widow, a child's part would be a third. It was further held that the "child's part" of the widow *was proportionately liable with that or those of a child or children for the debts of the estate,* because there was no express exemption from such liability, and none by intendment, but rather the reverse, as to exempt the widow's share and throw the debts upon the share or shares of a child· or children would be unjust to the latter.

In the case of *Harrell v. Harrell*, 8 Fla. 46, the widow elected to take a child's part in her husband's estate. The court held that she was entitled to a child's part. In the latter part of this decision the court says: "Now, there is no question that the act of 1838 does, in a case where there is one or more children, give to the widow a prescribed portion of the fee in realty; and a like portion of absolute estate in the personalty. In such a case it has never been doubted that if she so elect she is to be counted as a child, and that the estate is to be equally divided between the widow, and

46 Fla.—19

the child or children, as the case might be." The widow having elected to take a child's part, it seems to us that like a child she would be obliged to contribute ratably from her share to the payment of debts, and the costs of administering the estate up to and including the point of actual distribution. In other words, that debts and costs of administering are to be first paid out of the estate before there is a distribution. Of course she would not be obliged to pay the costs of administering the trusts. *Cox v. Dunn,* 3 Mo. App. 348.

(c) Is the widow's share of a "child's part" superior to that of legacies? As the widow, when she is dissatisfied with the will of her husband, because no satisfactory provision for her is made therein, may in all cases dissent therefrom, and elect to take dower, and as in *all cases* in which she shall be entitled to dower she may elect to take in lieu thereof a child's part, no reason appears why this share should be subject to the legacies of the will. The legacies themselves might embrace the larger proportion or all the estate, and might be the cause of the widow's dissatisfaction and dissent. It appears to us that the exercise by her of the right of dissent makes the will a nullity, so far as she and her rights are concerned, and her rights thereby become statutory. No authority is shown in support of a contrary view. *Lily v. Menke,* 143 Mo. 137; *Witherspoon v. Watts,* 18 So. Car. 423; *Dean v. Hart,* 62 Ala. 308.

3rd. Was the complainant chargeable with the fee of twenty-five dollars allowed guardian *ad litem?* We think the decree making the complainant liable for this fee was erroneous. It was a proper charge against the estate, as an item of administration. Under the circumstances, as will hereafter appear, it was necessary that a court of equity should ascertain and determine the rights and interests of the parties to the suit, and it was proper that the minors should be represented by a guardian *ad litem.*

4th. Was there equity in the bill? What has been heretofore said is an answer to this question. The flexible powers of a court of equity render it the proper forum for

ascertaining and determining the rights of William H. Benedict, who is of unsound mind; for ascertaining and determining the rights, interests and liability of the widow under her election, and other matters involved in the case. 2 Story's Eq. Jur., secs. 1075 to 1088, and sec. 1364; Harrell v. Harrell, 8 Fla. 46; 3 Pomeroy's Eq. Jur., secs. 1152, 1153 and 1155; 1 Pomeroy's Eq. Jur., secs. 156 and 157. Besides, the statutes do not afford the widow any remedy in such a case.

The decrees appealed from are reversed at the cost of appellees, and the cause remanded for further proceedings in accordance with law and this opinion.