GEORGE W. SAXON, EXECUTOR OF THE LAST WILL AND TESTAMENT OF T. GLOVER RAWLS, AND FANNIE W. JOHNSTON, AND E. J. JOHNSTON, HER HUSBAND, AND E. GLOVER JOHNSTON, LETITIA JOHNSTON BOND, AND BENJAMIN J. BOND, HER HUSBAND, AND KENT JOHNSTON AND RAWLS JOHNSTON, MINORS UNDER THE AGE OF TWENTY-ONE YEARS, APPELLANTS, v. SADIE W. RAWLS, APPELLEE.

1. Chapter 4730 of the Laws of 1899 providing that "whenever a person who is the head of a family residing in this State and having his homestead herein, shall die and leave a widow surviving him, but no children, the homestead shall descend to the widow and shall not be the subject of devise by last will and testament" is not in conflict with sections 1 and 4 of Article X or with section 16 of Article III of the State Constitution of 1885 or with section 1 of the Fourteenth Amendment to the Constitution of the United States.

2.   Sections 1830 and 1833 of the Revised Statutes of 1892 pro-
vide how the widow may dissent from the terms and pro-
visions of a will and also give her the right to elect
whether she will take dower or a  child's · part in  the
estate.

This case was decided by Division A.

Appeal from the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the
Court.

*W. H. Ellis,* and *John L. Neeley,* for Appellants.

*George P. Raney,* for Appellee.

SHACKLEFORD, J.   On the 21st day of November, 1904,
the appellee filed her bill in chancery in the Circuit Court
for Leon county against the appellants, alleging therein,
in substance. that T. Glover Rawls, who was the husband
of appellee, departed this life on the 21st day of October,
1902, without issue, before his death, however, having
made and published his last will and testament, which
was duly admitted to probate in the County Judge's
Court for Leon county, on the 30th day of October, 1902,
a copy of which is annexed to the bill as an exhibit; that
George W. Saxon was named in the will as executor, who
duly qualified as such and to whom letters testamentary
issued on the 5th day of November, 1902, and who took
possession of the real and personal estate of the testator;
that the testator died seized and possessed of certain real
and personal property situated in the county of Leon,
which is specifically described; that on the 17th day of
October, 1903, the appellee filed in the office of such

county judge a written instrument executed by her, wherein she dissented from the will and each and all of the provisions made therein in her favor and declared that they were not satisfactory to her, and elected to take a child's part in the real and personal estate of her deceased husband, according to the laws of the State of Florida in such cases made and provided, in lieu of the provisions of the will and in lieu of dower, such written instrument stating, as was and is true, that the testator died without child or children and that the appellee was his wife at the time of his death, that such dissent was ordered recorded by the county judge, copies of which dissent and order are annexed to the bill as exhibits; that thereupon the appellee became entitled to one-half in fee simple of the personal estate, which was turned over to her by the executor on or about the 9th day of June, 1904, it being expressly stipulated, however, in an instrument of writing executed by the appellee and the executor that such settlement as to the personal estate should not apply to or affect the interest of the appellee in any of the assets of the testator then remaining outstanding and uncollected and not mentioned in the instrument of settlement and should not affect the appellee's interest in the real estate of the testator or in the then uncollected rentals or future rentals or income from such estate, a copy of which written instrument is annexed to the bill as an exhibit; that before such settlement was made the appellee executed under the provisions of Section 1908 of the Revised Statutes of 1902 a bond in the penal sum of one thousand dollars, a copy of which is annexed to the bill as an exhibit; that the testator, at the time of his death, was the head of a family residing in the State of Florida, which family con-

37 S. C.

sisted solely of himself and the appellee, who were living together as husband and wife and living upon and occupying as their homestead, and had been so doing for about a year previous to the death of the testator, certain lands in Leon county, which are specifically described and which are included in the lands already mentioned, upon which homestead lands, were situated a dwelling-house and out-houses and improvements incident to a home, which were lived in and occupied by the testator and the appellee, said homestead not being within the limits of any incorporated city or town, but consisting of more than one hundred and sixty acres; that of the lands so occupied as a homestead one hundred and sixty acres thereof, including the dwelling-house and curtilage, descended to the appellee as the sole heir of the testator and she is entitled to the same in fee simple; that of the other described lands, not including the homestead of one hundred and sixty acres, the appellee is the owner of an undivided one-half in fee simple absolute, and the other undivided one-half is the property of E. Glover Johnston, Letitia R. Johnston, J. Kent Johnston and Rawls Johnston, children of Fannie W. Johnston, share and share alike, in fee simple, subject, however, to the trust vested by the will in George W. Saxon, including a power in him to sell the same; that there are no valid debts or demands outstanding against the estate of the testator; that George W. Saxon since qualifying as such executor has already collected and is collecting the rents, issues and profits from the lands, of which the appellee is entitled to all net rents issues and profits collected from the homestead lands to the extent of one hundred and sixty acres, and not heretofore paid over to the appellee, and to all net rents, issues and profits that may be collected by the executor from the homestead lands, and to

one-half of all the net rents, issues and profits collected and to be collected by the executor from the other lands, which have not previously been divided between the appellee and the executor.

The prayers of the bill were in accordance with and based upon the allegations therein, among others, being for a partition of the lands and for general relief. The oaths to the answers of the defendants were waived, and the bill was verified by the affidavit of the appellee.

On the 2nd day of January, 1905, all of the defendants, except two infants, filed their joint and several answers, wherein they admitted all of the material allegations of the bill except as follows: they did not admit, because they were not fully advised, that the testator died seized and possessed of the lands described therein and required strict proof thereof. They denied that the testator died intestate as to the one hundred and sixty acres of land which he occupied as a homestead or that the same descended to the appellee, and aver that the same was disposed of by the testator in his last will and testatment; they further deny that the appellee is entitled to any interest therein or to any interest in any of the lands described in the bill except her dower; they further deny that the appellee is entitled to all the net rents, issues and profits collected by the executor from the homestead land or to one-half of the net rents, issues and profits collected by him from the other lands, and aver that the only interest the appellee has therein is her right of dower, which dower had not been set apart to her in manner and form as the law requires, and until that was done she was not entitled to receive any part of the rents, issues and profits from said lands. The answer also contained the general denial usually found in answers in chancery.

A guardian *ad litem* was duly appointed for the two infant defendants, who was duly served with a subpœna and who filed the customary answer on behalf of said infants on the 6th day of February, 1905.

Replications were filed to these answers and an examiner appointed to take the testimony, by whom a report thereof was duly made, including the testimony so taken before him and certain stipulations made by and between the solicitors for the respective parties, which we deem it unnecessary to set forth, further than to state that it was mutually agreed that the taking of testimony and all accounting as to rents, issues and profits sought to be recovered by the appellee from the lands involved or any of them should be postponed until after an order should have been made in the cause by the court adjudicating the rights and interest of the appellee in such lands, and that the examiner should at once report the testimony and proceedings taken and had before him, so that such adjudication might be had.

On the 14th day of November, 1905, a decree was rendered by the court, finding all the equities in favor of the appellee and granting all the relief sought by her in her bill, ordering a partition of the lands and appointing three commissioners to make the same and referring the cause to Frederick T. Myers, an attorney at law, as Master in Chancery *pro hac vice,* to make and state an account of what was due to the appellee from the executor for rents, issues and profits, and also to take testimony and report what would be a proper compensation to George P. Raney as solicitor for the appellee. In view of the conclusion which we have reached we deem it unnecessary to set forth the contents of the decree any more fully.

From this decree which was filed and entered on the 16th day of November, 1905, an appeal was taken by the appellants to this court.

Seven errors are assigned, but there is no occasion for discussing them in detail. The appellee's right to the relief sought in her bill is largely based upon Chapter 4730 of the laws of 1899, providing that "whenever a person who is the head of a family residing in this State and having his homestead herein, shall die and leaving a widow surviving him, but no children, the homestead shall descend to the widow, and shall not be the subject of devise by last will and testament."

It is contended by the appellants. that this Chapter is void because it is in conflict with sections 1 and 4 of Article X of the Constitution of 1885. In Thomas v. Williamson, decided here at the present term, since the appeal in the instant case was taken, we held that this Chapter was not in conflict with section 4, and there is no occasion for our repeating what was there said. We have given the brief of appellants a careful examination, as well as the authorities cited therein, and see no reason for changing or modifying the views which we expressed in the cited case. Neither has it been made to appear to us wherein the Chapter in question is in any way in conflict with section 1 of Article X, and the same reasoning applied in our cited opinion to section 4 is applicable to section 1, so we content ourselves with saying that we fail to find in what the alleged conflict consists.

It is further contended by the appellants that the Chapter in question is in conflict with section 16 of Article III of the Constitution of 1885, providing that "Each law enacted in the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title."

The title of Chapter 4730 of the Laws of 1899, is as follows: "An act Regulating the Descent of Homesteads and the Widow's Interest Therein," and it is contended that the body of the act deals with two subjects, the law of descent, and the law of devise by last will and testament. The cases of State *ex rel.* v. Green, 36 Fla. 154, 18 South. Rep. 334, and State *ex rel.* v. Burns, 38 Fla. 367, 21 South. Rep. 290, are cited as supporting this contention. We fully approve of the principles enunciated in these cases but, in our judgment, they militate against the contention of the appellants instead of sustaining it. The Chapter in question is copied in full in the opinion rendered by us in Thomas v. Williamson, *supra,* and there is no necessity of setting it forth again. An inspection thereof will show that the body thereof does not deal with two subjects, as the act, in so far as it deals with the question of devise by last will and testament, does so only to the extent of declaring the principles of law which are to measure and protect the interest of the widow in the homestead, and all the provisions of the act are properly connected with the regulation of the widow's interest. See State *ex rel* v. Bryan, 50 Fla. 293, 39 South. Rep. 929 and authorities cited therein.

It is also contended by the appellants that the act is void because it is in conflict with Section 1 of the Fourteenth Amendment to the Constitution of the United States, "in that it seeks to abridge the privileges of one class of citizens of the United States by permitting another class of such citizens to exercise and enjoy the privileges withheld from the class against whom the discrimination is made." In support of this contention the appellants argue that the act is discriminative in that it denies to a married man who has no children the

right to dispose of the homestead by will, while it does not restrict a married woman from so doing. The case of State v. Patterson, 50 Fla. 127, 39 South. Rep. 398, cited by the appellants is not in point. There is no merit in the contention. A difference in the inheritable interests as between the surviving husband and the surviving wife was recognized at the common law and has been almost uniformly maintained in the various States of the Union.

The appellants also contend that the appellee, having dissented from the terms of the will, is restricted to her dower interest in the testator's estate and has no right to elect a child's part therein. We cannot agree to this contention, but do not deem any extended discussion thereof necessary. Section 1830 of the Revised Statutes of 1892 provides how the widow may dissent from the terms and provisions of a will, in which case she shall be entitled to dower, while section 1833 provides that "in all cases in which the widow of a deceased person shall be entitled to dower, she may elect to take in lieu thereof a child's part." See Harrell v. Harrell, 8 Fla. 46; Benedict v. Wilmarth, 46 Fla. 535, 35 South. Rep. 84.

Finding no error in the decree appealed from, it follows that the same must be affirmed, and it is so ordered, at the cost of the appellants.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur. in the opinion.