Rose S. Griffith, Anna W. Griffith, Henry L. Coe and Benjamin H. Yeoman, *Appellants*, v. Walter R. Griffith, *Appellee*.

1. Where a person entitled to a homestead dies leaving children, the homestead is not subject to testamentary disposition.

2. Where the bona fide object of a suit is the partition of land between common owners thereof, some of whom are complainants and the others are defendants, and some of the parties to the suit are in possession, then all controversies as to the legal title and right of possession may and should be settled by the court, as authorized by the statute. But a suit for partition cannot be resorted to as a substitute for the action of ejectment, nor used for the sole purpose of testing a legal title or trying an issue as to it.

This case was decided by Division A.

Appealed from the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the court.

*Sparkman & Carter* and *Singletary & Reaves,* for Appellants;

*C. C. Whitaker,* for Appellee.

Whitfield, C. J.—A decree of partition is appealed from. The amended bill alleges in substance that Walter R. Griffith, the sole complainant, and Rose S. Griffith are the only son and daughter of Robert S. Griffith who died about April 10, 1898; that Robert S. Griffith by will gave all his property to Anna W. Griffith his wife and appointed her sole executrix with full power to sell and convey all the property of the estate; that an attempt was made to

probate the will and it was recorded in the public records of Manatee county; that at his death Robert S. Griffith was the head of a family residing in Manatee county, Florida; that he had title to·and was seized and possessed in fee simple of certain described real estate and resided thereon at his death as his homestead; that said land was not subject to the will; that the widow having taken certain property of the decedent of greater value than the homestead under the will, she should be barred of any right in the homestead, but in any event the widow is only entitled to dower in the homestead; that on February 23rd, 1899, the widow conveyed all her right, title and interest in the homestead to Henry L. Coe; that Coe claiming by virtue of such conveyance some interest the nature of which is unknown to complainant, conveyed on August 2, 1899, his interest in a portion of the homestead purchased from the widow to Benjamin H. Yeoman; that complainant is seized and possessed of a fee simple title to an undivided one-half interest in the homestead; that complainant and the defendant Rose S. Griffith are tenants in common of the homestead; that Anna W. Griffith "claims some right, title and interest therein, the exact nature of which is unknown to" complainant; that Henry L. Coe claims to hold some interest in a portion of the homestead; that if Coe has any interest it is the dower interest of the widow conveyed to him by her; that Benjamin H. Yeoman claims some interest in a portion of the homestead, by his conveyance from Coe who received conveyance from the widow, and such interest of Yeoman if any is·the dower interest of the widow. Partition is prayed between the complainant and the defendants "according to their respective rights, estates and interests therein." A demurrer to the bill interposed by Henry L. Coe was overruled. Henry L. Coe by answer called for strict proof as to the homestead right; avers that Anna W. Griffith claim-

33—Vol. 59.

ing title under the will of Robert S. Griffith, "conveyed
the said land to this defendant   *   *   *   by deed   *   *
  *   on February 23, 1899, and this defendant claiming
and holding said land under and by virtue of said deed"
on August 2, 1899, conveyed by warranty deed to Benja-
min H. Yeoman a stated portion of the lands; that said
Yeoman claiming title under such deed on August 2,
1899, entered upon and took possession of the land so con-
veyed "and by virtue of said deed has been in continued
uninterrupted possession thereof for more than seven
years prior to the filing of this suit,   *   *   *   and now is
in possession thereof and occupying the same as his
home;" that defendant is the owner of the interest said
Anna W. Griffith had in the land except the part he has
sold to Yeoman; that no dower has been assigned to the
widow; that Yeoman for more than seven years held ad-
verse possession of the part sold by Coe to him and is now
in actual adverse possession thereof claiming to be the
owner of it, and the real object of this suit is to determine
the rights of Yeoman in the land. The answer of Yeoman
claims title to a portion of the homestead by adverse pos-
session for the statutory period under the conveyance to
him from Coe. The answer of Rose S. Griffith admits the
homestead rights and the dower rights of the widow, ad-
mits that she and the complainant are each entitled to
an undivided half interest in the homestead subject to
the rights of the widow. A decree *pro confesso* was en-
tered against the widow. Replications were filed to the
answers of Rose S. Griffith and Henry L. Coe. The court
decreed partition equally between Walter R. Griffith and
Rose S. Griffith subject to the dower right of the widow
Anna W. Griffith. The defendants appealed and contend
that partition should not have been decreed, that if par-
tition is made the interests of all the parties should be
decreed and that the defendant Yeoman has title by ad-

verse possession to a portion of the homestead. There is testimony in support of the homestead rights and of the claims set up by the defendants Coe and Yeoman.

Under the constitution "a homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars worth of personal property and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of the husband and wife, when that relation exists. *  *  *  *"

"The exemptions  *  *  *  shall inure to the widow and heirs of the party entitled to such exemption"  *  *  *  .  "Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner to be prescribed by law."    Secs. 1, 2, and 4 Constitution of 1885.    Chapter 4730 Acts of 1899 forbids a testamentary disposition of the homestead real estate by one having a wife.    Saxon v. Rawls, 51 Fla., 555, 41 South. Rep., 594 ; Thomas v. Williamson, 51 Fla. 332, 40 South. Rep., 831.    See, also, Thomas v. Craft, 55 Fla. 842, 46 South. Rep. 594.

Although the owner of the homestead died before the passage of Chapter 4730 Acts of 1899, he had children living and under the constitution the homestead was not subject to testamentary disposition.    As to such homestead the husband died intestate and the widow is given her statutory interest therein.    Palmer v. Palmer, 47 Fla. 200, 35 South. Rep. 983.

Where the bona fide object of a suit is the partition of land between common owners thereof, some of whom are complainants and the others are defendants, and some of the parties to the suit are in possession, then all controversies as to the legal title and right of possession may and should be settled by the court, as authorized by the statute. But a suit for partition cannot be resorted to as a substitute for the action of ejectment, nor used for the sole purpose of testing a legal title or trying an issue as to it. Rivas v. Summers, 33 Fla. 539, 15 South. Rep. 319; Koon v. Koon, 55 Fla. 834, 46 South. Rep., 633; Camp Phosphate Co. v. Anderson, 48 Fla., 226, 37 South. Rep., 722, 111 Am. St. Rep. 77; Dallam v. Sanchez, 56 Fla. 799, 47 South. Rep. 871.

In this case neither of the two heirs nor the widow of the decedent is in possession of any of the lands, and there appears to be no controversy between the two heirs, nor between the heirs and the widow. The grantee of the widow claims her right in a portion of the homestead land, and his grantee claims title by adverse possession to another portion of it to which he has a warranty deed from the widow's grantee. The proofs tend prima facie to support the adverse claims to a part at least of the lands, and such claims do not now clearly appear to be contrary to law as to the complainant. It is apparent that the only controversy is over the rights of the heirs as against those claiming adversely under the widow's conveyance. Under these circumstances partition is not the complainant's remedy.

The decree is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.