GEORGE W. DUNSHEE *et al. vs.* SADIE K. DUNSHEE *et al.* Defendants in Error.—(FRANK S. DUNSHEE *et al.* Plaintiffs in Error.)

*Opinion filed April 23, 1914.*

1. CONTRIBUTION—*section 79 of the Administration act, as to equalizing legacies upon renunciation, does not apply to devises.* Section 79 of the Administration act, which provides for the equalizing of legacies and bequests in case of renunciation by the widow or surviving husband, does not apply to devises of real estate.

2. SAME—*disappointed devisees cannot compel a contribution from legatees.* Where the widow, under section 12 of the Dower act, renounces the provisions of the will and elects to take one-half of the testator's real estate and personal property, devisees of specific tracts of land whose devises are reduced by such election cannot compel the general or residuary legatees to compensate them for the loss they have sustained.

3. SAME—*interest taken by widow upon renunciation is not in the nature of a debt against the estate.* The interest which the widow takes upon renouncing the provisions of the will under section 12 of the Dower act is not in the nature of a debt against the estate for which the personal estate is primarily liable, but upon renunciation she takes as heir, in her own right, one-half the testator's real estate and one-half of the personal property.

4. SAME—*power of equity to sequester the estate renounced.* Where a devisee or legatee having a right of election exercises such right, a court of equity, upon proper application, will sequester the devise or bequest renounced and apply it to compensate, as far as may be, the disappointed legatees and devisees.

5. SAME—*renunciation by widow is itself an equalization of loss to devisees.* The loss to devisees of particular tracts of land by the widow's renunciation, under section 12 of the Dower act, is equalized among them by the renunciation itself, as the widow

cannot elect to take as her portion any particular tract or tracts of land, and thus take more from one devisee than another, but she is entitled only to the undivided one-half of the lands devised to each devisee.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Carroll county; the Hon. O. E. HEARD, Judge, presiding.

FRANK S. DUNSHEE, and HENRY MACKAY, for plaintiffs in error.

F. J. STRANSKY, for defendants in error.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

The plaintiffs in error, Frank S. Dunshee, John Dunshee and Charles Dunshee, with George W. Dunshee and Edna Dunshee Mann, filed their bill in the circuit court of Carroll county, to the November, 1911, term thereof, against the other legatees and devisees of Robert Dunshee, deceased, asking the court to marshal the assets, real and personal, of the estate of Robert Dunshee in order to reimburse the complainants for losses sustained by the act of Sadie K. Dunshee, the widow of Robert Dunshee, in renouncing the provisions of the will of her deceased husband.

The bill alleges that Robert Dunshee died testate on March 2, 1910, leaving a last will and testament; that the first clause of the will provided for the payment of debts and funeral expenses; that the second clause bequeathed to his wife, in lieu of her award, $1000, and devised to her 200 acres of land in fee; that the third clause gave to his wife the testator's one-half interest in all the stock on said land; that the fourth clause bequeathed to defendant in error Leroy Houghton $7500; that the fifth clause bequeathed to Leroy Houghton, in trust for Harry Houghton, $7500; that the sixth clause bequeathed to defendant in error Jane Bennett, a sister, $15,000 in the form of notes and

certificates of deposit; that the seventh clause bequeathed to defendant in error Leonora Nichols, a sister, $15,000 in the form of notes and certificates of deposit; that the eighth clause bequeathed to defendant in error Hudson Dunshee, a nephew, $4000 in the form of notes and certificates of deposit; that the ninth clause devised to defendant in error Richard Groharing 200 acres of land and bequeathed to him testator's one-half interest in all the stock on said land; that the tenth clause devised to plaintiff in error Charles Dunshee 220 acres of land and all stock on the farm; that the eleventh clause devised to plaintiffs in error Frank S. Dunshee, George W. Dunshee and Edna Dunshee Mann, as tenants in common, 200 acres of land and bequeathed to them testator's one-half interest in all the personal property on said land; that the twelfth clause devised to plaintiff in error John Dunshee 207 acres of land and testator's one-half interest in all stock on said land; that the thirteenth clause disposed of the residue of said estate as follows: One-third thereof to plaintiff in error Charles Dunshee, one-third thereof, share and share alike, to the surviving heirs of Amasa T. Dunshee, and the remaining one-third thereof, in equal shares, to plaintiff in error John Dunshee and defendant in error Hudson Dunshee.

The bill alleges that said will was admitted to probate by the county court of Carroll county, and that E. Harry Carpenter, one of the defendants in error, duly qualified as executor and is now acting as such; that Robert Dunshee died leaving no issue or parent but did leave him surviving Sadie K. Dunshee, his widow; that he also left him surviving the said Frank S. Dunshee, George W. Dunshee and Edna Dunshee Mann, children of Amasa T. Dunshee, a deceased brother, and one Mary Dunshee, a grandchild of said Amasa T. Dunshee; also said Hudson Dunshee and John Dunshee, sons of a deceased brother, and Charles Dunshee, a son of a deceased brother; also Leonora Nichols and Jane Bennett, sisters, and Leroy Houghton and Harry

Houghton, grandchildren of a deceased sister; that Robert Dunshee left an estate valued at about $240,000, one-half of which was in lands and the remaining half in personal property, most of which was interest-bearing securities; that on August 8, 1910, the widow, Sadie K. Dunshee, filed her written renunciation of the provisions of said will and elected to take one-half of all the real and personal property belonging to said estate under the statute; that the real estate devised to the widow by the second clause of the will was of the value of $30,000 and the personal property bequeathed to her by said clause was of the value of $1000; that on August 8, 1910, Sadie K. Dunshee, the widow, filed her bill for partition of the real estate devised to her by the second clause of the will, claiming a homestead therein and an undivided one-half interest in the remainder thereof; that a decree was entered in said suit, from which an appeal was taken to this court and was here pending at the time the bill was filed in this cause; that the value of the lands devised to Charles Dunshee by the tenth clause of the will was $24,000 and the value of the personal property bequeathed to him was $1000; that in addition thereto the value of the property passing to him under the residuary clause of the will was $20,000, making an aggregate of $45,000 worth of property devised and bequeathed to Charles Dunshee; that the value of the lands devised to Frank S. Dunshee, George W. Dunshee and Edna D. Mann, as tenants in common, by the eleventh clause of the will, was $23,000 and the value of the personal property bequeathed to them was $1000; that in addition thereto the value of the property passing to them under the residuary clause of the will was $20,000, making an aggregate of $44,000 worth of property devised and bequeathed to them; that the value of the lands devised to Richard Groharing by the ninth clause of the will was $20,000 and the value of the personal property bequeathed to him was $1000; that the value of the lands devised to John Dunshee by the

twelfth clause of the will was $20,000 and the value of the personal property bequeathed to him was $1000. The bill further alleges that the widow had filed bills against the said Frank S. Dunshee, George W. Dunshee, Edna Dunshee Mann, Charles Dunshee, John Dunshee and Richard Groharing, respectively, for partition, claiming an undivided one-half interest in the lands devised to each of them, and that such proceedings were had in those suits that Sadie K. Dunshee, the widow, compelled each of the devisees last above named to pay to her one-half the value of the lands devised to them; that their specific legacies and devises were thereby diminished one-half in value, but that they have not been compensated by any of the defendants in error for the loss so sustained by them; that more than one year has elapsed since letters testamentary were issued to E. Harry Carpenter; that all the claims against said estate have been paid and satisfied; that no part of the legacies given to Jane Bennett, Leonora Nichols, Leroy Houghton, Harry Houghton and Hudson Dunshee have been taken by the widow; that the executor has paid, or is about to pay, to them their legacies in full, and that the residuary estate is of the value of about $60,000. Afterwards an amendment was filed, alleging that the lands devised to the widow by the second clause of the will had been sold, and that after the payment of costs the widow received $10,000 from the sale and that the remaining $10,000 went to the residuary legatees; that the residuary fund in the hands of the executor amounts to $5000; that there are sufficient funds in the residuary estate, together with the legacies given to Jane Bennett, Leonora Nichols, Leroy Houghton, Harry Houghton and Hudson Dunshee to pay the widow's claims in full without encroaching upon or taking any part of the devises made to the complainants.

The prayer of the bill, as mentioned above, was that the court marshal the assets, both real and personal, of the estate of Robert Dunshee, and that the residuary fund be

first applied towards the satisfaction of the claims and demands of Sadie K. Dunshee, as widow, and towards reimbursing the complainants for the value of the lands taken from them by the widow upon her renunciation of the provisions of the will, and that if such residuary fund should not be sufficient for such purposes, that the court sequester so much of the legacies given to Jane Bennett, Leonora Nichols, Leroy Houghton, Harry Houghton and Hudson Dunshee as may be required to make up the deficiency, thereby imposing upon the residuary legatees and the legatees last above named the burden of the losses sustained by the complainants by reason of the renunciation by Sadie K. Dunshee of the benefit of the provisions of said will. A demurrer interposed to the bill as amended was sustained and a decree was entered dismissing the amended bill for want of equity, at the complainants' cost. This decree was affirmed by the Appellate Court for the Second District, and plaintiffs in error, having been granted a writ of *certiorari* by this court, have brought the record here for review.

Section 12 of the Dower act provides: "If a husband or wife die testate, leaving no child or descendants of a child, the surviving husband or wife may, if he or she elect, have, in lieu of dower in the estate of which the deceased husband or wife died seized, * * * and of any share of the personal estate which he or she may be entitled to take with such dower, absolutely, and in his or her own right, one-half of all the real and personal estate which shall remain after the payment of all just debts and claims against the estate of the deceased husband or wife." This statute measures the extent of the interest which Sadie K. Dunshee had the right to claim in the estate of her husband. He was powerless to deprive her of this interest should she elect, as she did, to claim it. The devise and bequest to her in the will was simply an offer on the part of the testator to purchase her dower and other statutory rights in his estate. This offer she was not bound to accept, and the testator was

263 – 13

charged with the knowledge that she had the right to decline the offer and to claim the interest in the estate given her by section 12 of the Dower act. Upon the renunciation of the widow and her election to take under the statute her right to receive one-half of the personal estate accrued immediately and title in fee to one-half of the real estate vested in her immediately. The loss occasioned to the devisees by the renunciation was equalized among them by the renunciation itself, as the widow could not elect to take as her portion any particular tract or tracts of land, and thus take more from one devisee than from another, but she became entitled, under the renunciation, only to the undivided one-half of the lands devised to each devisee.

Section 79 of the Administration act provides for equalizing legacies and bequests upon renunciation, and is as follows: "In all cases where a widow or surviving husband shall renounce all benefit under the will, and the legacies and bequests therein contained, to other persons, shall, in consequence thereof, become diminished or increased in amount, quantity or value, it shall be the duty of the court, upon settlement of such estate, to abate from or add to such legacies and bequests in such manner as to equalize the loss sustained or advantage derived thereby, in a corresponding ratio to the several amounts of such legacies, and bequests, according to the amount or intrinsic value of each." This section is, in substance, section 44 of the Wills act of 1845. It will be observed that the section refers only to legacies and bequests, and when considered in connection with the other sections of the Wills act of 1845 it is apparent that these words were used in their strict legal sense and do not include devises. Section 79 of the Administration act pertains only to equalizing bequests and legacies disposing of personal estate. Our statute nowhere provides for an equalization of devises, bequests and legacies in case of renunciation, and in view of the language of section 12 of the Dower act we perceive no ground upon which the aid

of a court of equity can be invoked to effect such an equalization. It is true that the devise of a particular tract of land is specific and conclusively indicates the intention of the testator that the devisee shall receive that specific property, but the devises in this will were made subject to the statutory right of the widow to elect to take one-half of each tract devised. It is also true that the personal estate must first be subjected to the payment of the debts of the testator, even to the extent, if necessary, of depriving those to whom bequests and legacies have been given of any participation in the estate. The interest which the widow takes in the estate upon renunciation, however, is not in the nature of a debt against the estate, and the personal property is therefore not primarily liable to bear the entire burden. The widow is given the absolute right to elect to take this interest by the statute, and when she does so elect she takes as an heir. *Lessley* v. *Lessley,* 44 Ill. 527; *Blankenship* v. *Hall,* 233 id. 116.

The Dower act provides that upon renunciation the widow shall take absolutely, in her own right, one-half of all the real estate and one-half of the personal property. There is no more reason for a devisee claiming that contribution should be made to him by a legatee under such circumstances than that the legatee should claim compensation from the devisee. The situation of the devisee here might be compared to that where a devise of land is made upon which there is an encumbrance for which the testator is not personally liable, or which is subject to an encumbrance for which the testator is personally liable and there is not sufficient personal property to pay the same. In either event the land devised is liable for the amount of the encumbrance, and the devisee cannot require the devisees of other lands to contribute to make up his loss. *Frasier* v. *Littleton's Exrs.* 100 Va. 9.

A case very similar to the one at bar is *Devecmon* v. *Kuykendall,* 89 Md. 25. In that case the widow renounced

and this same question of contribution was presented, and it was there held that the loss to the devisee was one resulting by operation of law, against which the testator, only, could have provided an indemnity, and as he had failed to provide for any change or substitution in the disposition of his property in the event of his widow renouncing, the court could not do it for him. In that case the right of the court to seize upon and sequester for the benefit of the disappointed devisees and legatees the property given the widow by the will and renounced by her was not discussed or referred to. That question is not involved in the case at bar. It is well settled in this State, however, that where a legatee or devisee having the right of election exercises such right, a court of equity will, upon proper application by the disappointed devisees, sequester the devise or bequest renounced and apply it to compensate, so far as may be, the disappointed devisees and legatees. (*Wilbanks* v. *Wilbanks,* 18 Ill. 17; *Carper* v. *Crowl,* 149 id. 465; *Bell* v. *Nye,* 255 id. 283; *Wakefield* v. *Wakefield,* 256 id. 296.) This question has not only not been raised here, but a construction of this will has been heretofore secured by these plaintiffs in error holding that the property renounced by the widow passed into the residuary estate. (*Dunshee* v. *Dunshee,* 251 Ill. 405.) In that case the only matter presented for our determination was whether the property given the widow by the will and renounced by her became intestate estate. The question of the right of a court of equity to seize hold of this property and sequester the same for the benefit of the disappointed devisees and legatees was not raised in that case.

The devisees under this will do not have the right to demand contribution from the general or residuary legatees to compensate them for that part of the estate devised of which they have been deprived by the renunciation of the widow.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*