JENNIE PACE *et al.* Defendants in Error, *vs.* GEORGE W. PACE *et al.* Plaintiffs in Error.

*Opinion filed December 22, 1915.*

1. PRACTICE—*exceptions to legal conclusions of the master are neither necessary nor proper.* The question whether a master in chancery has drawn an incorrect legal conclusion from the facts is heard by the chancellor without exceptions, and exceptions to such legal conclusions are therefore neither necessary nor proper.

2. WILLS—*mere fact that widow qualifies as executrix without bond does not defeat her right to renounce the will.* The mere fact that the widow accepts the appointment as executrix of her deceased husband's will without bond and begins the undertaking of carrying the will into execution does not amount to an election to take under the will or raise an estoppel to prevent her subsequently renouncing the provisions of the will in her favor and electing to take under the statute.

3. SAME—*general rule as to sequestration to compensate disappointed devisees.* Where a devisee having the right of election exercises such right, a court of equity will take hold of that which is relinquished to compensate, as far as may be, the disappointed devisees and apply it in place of the devise or devises defeated.

4. SAME—*as a general rule, residuary devises abate before specific devises.* Where legacies or devises are abated on account of an election by the widow to take under the statute, the court will reduce legacies and devises of the same class proportionately; but specific legacies or devises are not in the same class as those which are residuary, and, as a general rule, the latter will abate before the specific ones.

5. SAME—*when undivided half of tract of land is properly sequestered to compensate specific devisee.* Where a testator owning three 80-acre tracts of equal value devises one tract to his widow and one tract to a certain person for life with remainder to the heirs of his body and in default of such heirs to the residuary devisees, who are given the residue of the property, it is proper for the court, when the widow renounces the will and elects to take one-half the land under the statute, there being no children, to lay hold of the undivided half of the tract relinquished by the widow and apply it on the specific devise of the other tract, half of which was taken from the devisees by the renunciation.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding.

ELTING & HAINLINE, for plaintiffs in error.

GEORGE D. TUNNICLIFF, FLACK & LAWYER, and E. D. GRIGSBY, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error Jennie Pace, in her own right and as executrix of the last will and testament of her deceased husband, Andrew J. Pace, filed her bill in the circuit court of McDonough county, alleging that she had renounced the provision made for her in the will and surrendered to the estate the property devised to her, making the other devisees defendants, and asking for partition of the lands owned by her deceased husband at the time of his death. The defendants by their answers admitted that the widow had attempted to renounce the provision for her in the will but denied that the renunciation was legal, on the ground that she was estopped by having qualified as executrix. The residuary devisees by their answer also claimed that if the renunciation was legal the part renounced was intended by the testator to pass under the residuary clause. Earl Ingles by his answer claimed that he and his children should be first compensated for the loss of an undivided half of the lands specifically devised to him, and his children, Donovan Brand Ingles and Emma Maxine Ingles, infant defendants, by their guardian *ad litem* made the same claim. Earl Ingles, Donovan Brand Ingles and Emma Maxine Ingles filed their cross-bill, asking the court to sequester so much of the land devised to the widow as would compensate them for the loss sustained by the renunciation. The cross-bill was answered and the residuary devisees made the same claims set forth in their answer. The cause was referred to the master in chancery to take the evidence and report the same, with his conclusions.

There was no dispute as to the facts, which are as fol-
lows: Andrew J. Pace died on August 18, 1913, possessed
of three 80-acre tracts of land of the same value, located
side by side and called the east 80, the middle 80 and the
west 80. He had no child that would be a lawful heir.
By his will he devised to his wife, Jennie Pace, the east
80-acre tract in fee, together with his horse, harness, buggy,
household goods and property, including a piano. He de-
vised a life estate in the middle 80 acres to Earl Ingles, an
illegitimate son who was not a legal heir, with remainder to
the heirs of his body, and in default of such heirs or de-
scendants then to pass under the residuary clause. There
was a residuary devise of the remainder of his property
to his brothers and sisters and the children of his deceased
brother and sister in fee, and this devise included the west
80 acres and a residence property in the city of Macomb
not involved in the suit. He appointed his wife, Jennie
Pace, executrix and provided that she need not give bond
as such. The widow qualified as executrix without giving
a bond and she has acted as executrix. The personal prop-
erty was insufficient to pay the debts and costs of adminis-
tration, and the executrix took the landlord's share of the
grain rent for the year in which the testator died, to make
up the deficiency, and she paid a legacy of $200 to Winfield
Pierpont. On November 19, 1913, she renounced the will
and elected to take her share of the estate under the law,
which was an undivided half of all the real estate after the
payment of debts.

The master reported as his conclusions that the undi-
vided half interest in the east 80, which was devised to
the widow, should be sequestered for the benefit of Earl
Ingles and his children, to whom the middle 80 was de-
vised; that in case of partition the undivided half of the
middle 80 should be set off to said devisees and a sufficient
amount sequestered from the real estate renounced by the
widow to equal the original devise, and that the residuary

devisees were entitled to the respective undivided interests set out in the bill in the west 80 and the Macomb city property. The cause was heard on exceptions filed to the legal conclusions of the master, which were not necessary or proper. The question whether a master in chancery has drawn an incorrect conclusion from the facts is heard by the chancellor without exceptions. (*Hurd* v. *Goodrich,* 59 Ill. 450; *Hayes* v. *Hammond,* 162 id. 133; *VonPlaten* v. *Winterbotham,* 203 id. 198.) The decree adopted the conclusions of the master, gave to the widow, Jennie Pace, an undivided half interest in all the lands and decreed that the part renounced by the widow in the east 80 should be sequestered for the benefit of Earl Ingles and his children. The middle 80 and the east 80 being of the same value, the decree ordered that if it could be done without injury or prejudice to the parties, the interest of the widow should be set off in land other than that devised to Earl Ingles and his children, and the widow makes no complaint. Earl Ingles and his children were content with the decree, but the residuary devisees sued out a writ of error from this court and have assigned errors on the record.

The controversy between the plaintiffs in error and the widow is whether her attempted renunciation of the will was effective, and the ground upon which it is claimed it was not is that she was estopped by qualifying as executrix without bond. It is a well settled rule in equity that if any person shall take any beneficial interest under a will he is thereby held to confirm and ratify every other part of the will, and cannot set up any right or claim of his own which would defeat or in any way prevent the effect and full operation of any part of the will. On the question whether a widow, by merely qualifying as executrix and undertaking the execution of the will, takes a beneficial interest under its provisions and comes within the rule the courts are not agreed. It appears to us that the cases holding that a widow is not estopped by the mere act of quali-

fying as executrix are based on good reasons and that the weight of authority sustains that view. Any unequivocal act of dealing with the property given by the will as the individual property of the widow, or the exercise of any unmistakable act of ownership over it, would amount to an election. Merely performing the duties of an executrix does not prove an election or definite choice to take what is given by the will and surrender the right to take the share of the estate allowed by law. The view that a widow, by accepting an appointment as executrix of her deceased husband's will, not only admits the validity of the instrument as a will but gives her approval to each of its provisions and forfeits her right to choose between the provision made for her by the will or by the law seems to us more sentimental than real. The fact that the widow in this case was not required to give a bond does not aid in creating any estoppel against her, and we have not discovered any principle of estoppel that would apply. *Matter of Gwin,* 77 Cal. 313; *Taylor* v. *Browne,* 2 Leigh, 419; *Reaves* v. *Garrett,* 34 Ala. 558; *Benedict* v. *Wilmarth,* 46 Fla. 535; 4 Ann. Cas. 1033.

The next question is whether sequestration of the undivided half of the east 80 surrendered by the widow was proper. The position of counsel for the plaintiffs in error is, that where a will contains a residuary clause and a devise given to the widow which is less than her legal share in the testator's estate is renounced by her, there is nothing for sequestration and the part renounced passes under the residuary clause. A provision in favor of a widow is in legal effect only an offer on the part of the testator to purchase her statutory interest in the estate for the benefit of the estate, and where she renounces the will and takes under the statute she simply refuses to accept such offer. (*Blatchford* v. *Newberry,* 99 Ill. 11; *Dunshee* v. *Dunshee,* 251 id. 405.) The argument is that sequestration is only for the purpose of compensation, so that there must be a benefit conferred upon the widow which can be laid hold

of by a court of equity to compensate disappointed devisees, and where the devise to the widow is less than her legal estate there is no such benefit and nothing left for compensation. To maintain their position counsel rely upon the decisions in *Carper* v. *Crowl,* 149 Ill. 465, and *Bell* v. *Nye,* 255 id. 283. In neither of those cases was there any renunciation or attempted renunciation by the widow, but the question in each case was whether the widow had lost her individual property by failing to make an election between what was given to her by the will and what she was entitled to by the law, where the will gave her less than the law and an election would have been injurious to the other devisees. In *Carper* v. *Crowl* the testator owned 766½ acres of land. The homestead consisted of 256½ acres owned by him and 180 acres owned by his wife, and all was devised to the wife for life or during her widowhood. There was no attempt to dispose of the fee either of the land which the testator owned or the 180 acres of his wife. The widow did not renounce the will but took possession of her own land with the other land owned by her husband and conveyed her land to her daughter, reserving a life estate to herself. There was no residuary clause, and the heirs-at-law took title to the 256½ acres by descent as heirs-at-law, subject to the life estate of the widow. The court said that the assertion of title in the widow was not inconsistent with any rights of the heirs-at-law since they were not disappointed of any devise given them by the will, and therefore they had no right to compensation. The question was whether the widow was bound to elect. No question of compensation was involved, but the court was asked to decide whether the widow was bound to elect to take her share under the statute or lose her property. That which was given her by the will was less than she would have been entitled to by law, so that it was for the benefit and advantage of the estate that she did not renounce the will but accepted its provisions in discharge

of her rights as widow. It was held that the heirs-at-law could not complain that the widow did not make an election, which would have been a disadvantage to them. The law on that subject was again stated in *Bell* v. *Nye,* where the testator devised the home farm and certain personal property to his wife for life, to be accepted and received by her in lieu of dower, and included 80 acres which belonged to her. The master found that the widow took less under the will than she would have received under the statute, and the same rule, that heirs or devisees cannot complain that an election was not made which if made would have resulted in their injury, was applied. In this case the testator devised the east 80 to his wife, who became entitled, as his widow, to an undivided half of that tract, and by her renunciation the other undivided half could be taken hold of to compensate devisees from whom a part of the property devised to them was taken.

The remaining question is whether the chancellor was right in sequestering the undivided half of the east 80, which the widow surrendered by renouncing the will, and applying it to compensate Earl Ingles and his children for the undivided half of the middle 80, which was lost by the renunciation. Where a devisee having the right of election exercises such right, a court of equity will take hold of that which is relinquished to compensate, as far as may be, the disappointed devisees and apply it in place of the devise or devises defeated. (*Wilbanks* v. *Wilbanks,* 18 Ill. 17; *Wakefield* v. *Wakefield,* 256 id. 296; 30 Ann. Cas. 1913*e,* 414; 1 Pomeroy's Eq. Jur. sec. 517; 11 Am. & Eng. Ency. of Law,—2d ed.—115.) Where legacies or devises are abated on account of a superior claim of the widow in consequence of her election the court will reduce legacies and devises of the same class proportionately, but specific legacies and devises are not in the same class as those which are residuary. As a general rule, residuary legatees and devisees take what is left and their legacies

and devises abate before specific devises. (*Lewis* v. *Sedgwick,* 223 Ill. 213; *Kincaid* v. *Moore,* 233 id. 584; *Dunlap* v. *McCloud,* 84 Ohio St. 272.)   The chancellor did not err in applying the undivided half of the east 80 relinquished by the widow to make amends to Earl Ingles and his children for that part of the middle 80 specifically devised to them and taken from them by the renunciation.

The decree is affirmed.

*Decree affirmed.*