(No. 31333.

SARAH E. GOWLING *et al.*, Appellees, *vs.* LYMAN L. GOWLING *et al.*, Appellants.

*Opinion filed January 18, 1950.*

DuHadway & Suddes, of Jerseyville, and Hemphill & Kelsey, of Carlinville, for appellants.

G. R. Schwarz, (John S. Self, of counsel,) both of Jerseyville, for appellee Sarah E. Gowling; John F. Gibbons and Associates, for other appellees.

Mr. Justice Wilson delivered the opinion of the court:

A decree of the circuit court of Jersey County construed the last will and testament of Joseph E. Gowling, deceased, and ordered partition of 580 acres of land among Sarah E. Gowling, widow of Joseph Gowling, and ten nephews and nieces, seven grandnephews and grandnieces, and three great grandnephews and grandnieces. A nephew and a niece prosecute this appeal, a freehold being necessarily involved.

Joseph E. Gowling, a resident of Jersey County, died testate on February 22, 1948. He left surviving as his only heirs-at-law his widow, Sarah Elizabeth Gowling, eleven nephews and nieces, six grandnephews and grandnieces, the latter being children of deceased nephews and nieces, and three great grandnephews and grandnieces, the children of a deceased grandnephew who was the son of a deceased niece. At the time of his death, Gowling owned personal property amounting to approximately $25,000 and three parcels of farm land aggregating 580 acres, hereafter referred to as parcels 1, 2 and 3, all located in Jersey County. The first parcel consists of approximately 80 acres, parcel No. 2, 120 acres, and parcel No. 3, 380 acres.

By the first section of his will, admitted to probate by the county court of Jersey County, Gowling directed that his debts and funeral expenses be paid. The second section is explanatory, stating that the testator had no parents,

children or descendants of children, brothers or sisters, living. Section 2 continues: "My wife, Sarah E. Gowling, has an independent income from property of her own. If she has not already done so, she will no doubt provide that her property shall go back to her people upon my death. This is as it should be, and it is my desire on my part to arrange that my wife shall have the benefit of my estate as long as she lives, and then have it go to my people. It is also my desire to have her share in the control, but at the same time provide for competent management of my estate so that she will not be burdened with the many details which I have always looked after, and for this purpose I have selected my nephew, Lyman L. Gowling, who was raised on a farm and understands farm operation and management, and who will also be interested in seeing to it that the properties are kept up and maintained."

By the third section, Gowling bequeathed $1000 to the Christian Science Society of Jerseyville. The fourth section bequeathed the residue of Gowling's personal estate to his wife "absolutely and in her own right forever." The fourth section provided, further, that if Sarah Gowling did not survive her husband the residuary personal estate be given and bequeathed to his nephews and nieces, and the descendants of any deceased nieces and nephews. By the fifth section, Gowling provided that, in the event his wife survived him, all of the real estate owned by him at the time of his death should be placed in trust, with his wife and his nephew, Lyman L. Gowling, as trustees. Detailed directions for the management and operation of the trust property are set forth in section 5. After the payment of taxes, repairs, insurance and other operating expenses, the testator provided for payment of the net income from the trust estate to his wife so long as she lives or remains his widow and for a commission of four per cent on all income from the trust property to Lyman L. Gowling, as manager of the real estate. The trust, it is ordained,

shall continue until the death of the testator's wife or so long as she shall remain his widow.

The sixth section commences, "If my wife does not survive me there will, of course, be no trust, and the following provision shall take effect upon my death. If my wife does survive me and the trust is set up, then the following provisions shall take effect upon the death or remarriage of my wife." In either of such events, Gowling gave and devised his real estate, as follows: parcel No. 1 to his nephew, Lyman L. Gowling, subject to a charge of $1000, payable to John F. Nowlin; parcel No. 2 to Dean J. McCormick, a grand-nephew, and Clara V. Gowling, a niece, share and share alike, and parcel No. 3 to his other nieces and nephews and the descendants of any deceased nieces and nephews, the descendants to take *per stirpes* the share their deceased parents would have taken if living, absolutely and in fee simple, "provided, however, that Lyman L. Gowling, Dean J. McCormick and Clara V. Gowling, and the descendants of any of them who may be deceased, who have separately been provided for above, shall not participate in this devise of my residuary real estate." Sarah E. Gowling, the testator's wife, and his nephew, Lyman L. Gowling, were named executors as well as trustees.

On May 26, 1948, Sarah E. Gowling filed in the county court of Jersey County her renunciation of the benefit of any legacy or devise made to her by her husband's will and her election to take in lieu thereof the estate or interest to which she is entitled as the widow of the decedent under the laws of this State. After renouncing, she withdrew as an executrix. Shortly thereafter, on August 31, 1948, the plaintiff, Sarah E. Gowling, filed her complaint and, thereafter an amended complaint, against the defendants, Lyman L. Gowling, individually, and as executor of the will of Joseph E. Gowling, deceased, and the other collateral heirs of the decedent, seeking partition of the 580 acres of land.

Lyman L. Gowling, his wife, and Clara V. Gowling, filed a joint answer denying that plaintiff was entitled to partition. Lyman and Clara Gowling filed an amended counterclaim alleging that the attempted renunciation of the will by plaintiff was in violation of an antenuptial and also a postnuptial agreement between her and her husband; that Joseph E. Gowling had contracted with Lyman Gowling to devise to him the eighty acres which he did devise to him, and that the devise to Lyman and Clara Gowling and Dean McCormick are specific devises and the devise of the remainder of the estate a residuary devise. So far as relevant, the relief sought by the counterclaim is that, in case partition be ordered, the decree provide that the interest of Sarah E. Gowling in the whole of the real estate be assigned to her out of real estate other than the tracts specifically devised to Lyman Gowling, Dean McCormick and Clara Gowling, if the same can be done without manifest injury or prejudice to any party in interest and, in case the real estate cannot be partitioned, that it be appraised and the value of the interest, if any, of Sarah E. Gowling in the real estate specifically devised, be ascertained and fixed by the court and the amount thereof be made a lien upon real estate other than that specifically devised. Dean McCormick answered the amended complaint and also filed an amended counterclaim seeking the same relief asked by Lyman and Clara Gowling. His wife, Marian McCormick, filed a counterclaim asserting an inchoate right of dower.

The cause was heard by the chancellor in open court upon documentary evidence and oral testimony. Lyman and Clara Gowling concede that the evidence does not support their allegations relative to an antenuptial and a postnuptial contract and to an agreement by the decedent with his nephew to devise to him parcel No. 1. By the decree entered July 12, 1949, the chancellor found that the equities were with plaintiff; that no good or substantial

defense had been interposed by any of the defendants to the amended complaint, and that the counterclaims were without equity and should be dismissed, and that Sarah E. Gowling's renunciation was effectual to vest the fee-simple title to one half of the lands owned by Joseph E. Gowling at the time of his death in her. Accordingly, Sarah E. Gowling and Lyman L. Gowling were adjudged to be the owners, respectively, of one half of parcel No. 1, subject to the charge upon the interest of Lyman Gowling to John F. Nowlin in the amount of $1000; that Sarah Gowling was entitled to an undivided one-half interest in parcel No. 2 and Dean J. McCormick and Clara V. Gowling a one-fourth interest each, and that Sarah E. Gowling was entitled to an undivided one-half interest in parcel No. 3 and eight nephews and nieces and one grandniece a $\frac{1}{22}$ interest each, five grandnephews and grandnieces a $\frac{1}{66}$ interest each, and three great grandnephews and grandnieces a $\frac{1}{198}$ interest each. Partition was ordered on the foregoing basis, and commissioners appointed. The report of the commissioners found that the property was not susceptible to division without manifest damage to the parties in interest and fixed the value of the three parcels, as follows: parcel No. 1, $12,000; parcel No. 2, $21,000, and parcel No. 3, $57,000. Lyman L. Gowling and his wife, Nettie, and Clara V. Gowling prosecute this appeal. Dean J. McCormick has not joined in the appeal.

Lyman L. and Clara V. Gowling, two of the appellants, have assigned ten errors relied upon for reversal. The gist of these alleged errors is that the chancellor erred in adjudging that plaintiff was entitled to receive one half of each of the three parcels of land owned by her husband at the time of his death and in refusing to allot her entire share out of parcel No. 3.

In the present case, Joseph Gowling's widow renounced her husband's will and elected to take her statutory rights

in lieu of the provisions made for her by the will. A provision in a husband's will for his wife is, in legal effect, an offer by him to purchase her statutory interest in his estate for the benefit of the estate. (*Sueske* v. *Schofield,* 376 Ill. 431.) When a widow renounces the will, as here, her renunciation constitutes rejection of the provisions made for her and, for all practical purposes, and legally, they are obliterated from the will. Its remaining provisions are not destroyed but remain operative upon the property not included within the statutory share of the spouse. (*Sueske* v. *Schofield,* 376 Ill. 431.) Where a testator dies seized of real and personal property, his widow has an interest in his estate of which she cannot be divested by his will, or otherwise, without her consent. (*Lessley* v. *Lessley,* 44 Ill. 527.) Again, where the widow, under section 16 of the Probate Act, renounces the provisions of her husband's will and elects to take one half of the testator's real estate and personal property, devisees of specific tracts of land whose devises are reduced by such election cannot compel the general or residuary devisees to compensate them for the loss they have sustained. (*Dunshee* v. *Dunshee,* 263 Ill. 188.) Upon a widow's renunciation of the provisions of a will, and in the exercise of her absolute right to take her statutory share, she takes as an heir. (*Dunshee* v. *Dunshee,* 263 Ill. 188.) In the *Dunshee case,* this court observed: "The loss occasioned to the devisees by the renunciation was equalized among them by the renunciation itself, as the widow could not elect to take as her portion any particular tract or tracts of land, and thus take more from one devisee than from another, but she became entitled, under the renunciation, only to the undivided one-half of the lands devised to each devisee. * * * It is true that the devise of a particular tract of land is specific and conclusively indicates the intention of the testator that the devisee shall receive that specific prop-

erty, but the devises in this will were made subject to the statutory right of the widow to elect to take one-half of each tract devised."

Lyman and Clara Gowling assert that the devise to Lyman Gowling of parcel No. 1 and to Clara Gowling and Dean McCormick of parcel No. 2 are specific devises and that the devise to the other nephews and nieces of parcel No. 3 is a residuary devise. Admitting that plaintiff is entitled to an interest in the real estate in controversy equivalent to an undivided one-half interest in each tract or parcel of land which Joseph E. Gowling owned at the time of his death, their argument is that it is unnecessary to assign her one half of each parcel. To sustain their contention that the widow's share in the real estate of Joseph Gowling should have been set off to her wholly out of the land passing under the residuary devise, reliance is placed upon *Schaffenacker* v. *Beil,* 320 Ill. 31, and *Pace* v. *Pace,* 271 Ill. 114. In the case first cited, the court stated that a widow's undivided one-half in fee, acquired by renunciation of the will under the applicable statute, may be set off to her as a whole, and the commissioners are not necessarily required to include in this body of land any particular tract. *Pace* v. *Pace,* 271 Ill. 114, holds that where legacies or devises are abated on account of an election of the widow to take under the statute, legacies and devises of the same class will be reduced proportionately but that specific legacies or devises are not in the same class as those which are residuary, and, as a general rule, the latter will abate before the specific ones. Neither *Schaffenacker* v. *Beil,* decided December 16, 1925, nor *Pace* v. *Pace,* decided December 22, 1915, can avail the disappointed devisees. When the *Pace case* and the *Schaffenacker case* were decided, the statute gave the widow "one-half of all the real and personal estate." The applicable law when Joseph Gowling died gave the surviving spouse, upon renunciation of the deceased spouse's will, "one-half of each parcel of real

estate." Section 16 of the Probate Act, (Ill. Rev. Stat. 1949, chap. 3, par. 168,) so far as relevant, provides, "When a will is renounced by the testator's surviving spouse in the manner provided in Section 17 hereof, * * * the surviving spouse is entitled to the following share of the testator's estate after payment of all just claims: * * * (b) if the testator leaves no descendant, one-half of the personal estate and one-half of each parcel of real estate of which the testator died seized and in which the surviving spouse does not perfect his right to dower in the manner provided in Section 19 hereof."

Lyman and Clara Gowling contend that the widow's renunciation does not change the intent of the testator expressed in his will and that the renunciation should not be permitted to defeat the declared intention of the testator where it is possible to execute the intent without prejudice to the renouncing widow. The cardinal rule of testamentary construction is to ascertain and effectuate the intent of the testator expressed in his will, unless such intent be contrary to some positive rule of law or public policy. (*In re Estate of Reeve*, 393 Ill. 272; *Cahill* v. *Michael*, 381 Ill. 395.) Conceding that the testator intended to favor his nephew, Lyman, and his niece, Clara, and his grandnephew, Dean McCormick, above his other nephews and nieces, and there is evidence to this effect, the concession does not aid them. Section 16 of the Probate Act is unambiguous, and the legislative intent expressed therein must be given effect. Moreover, we are of the opinion the intent of the testator would be defeated if Sarah Gowling's share of the real estate were alloted to her entirely out of parcel No. 3. Recourse to the will of Joseph Gowling discloses that he bequeathed all of his personal property to his wife, provided she survived him and that, in the event she did not survive him, the residuary personal estate was to pass to all of his nephews and nieces, no one being preferred above the others. The fifth section of the will

creates a trust in all of the real estate owned by the testator for the life of his wife or so long as she remains his widow. The will then provides for the termination of the trust upon the death or remarriage of the wife. Parcel No. 1 is devised to Lyman Gowling, subject to a charge of $1000, parcel No. 2 to Dean McCormick and Clara Gowling, and parcel No. 3, consisting of the rest of the real estate to the other nieces and nephews, with the provision, however, "that Lyman L. Gowling, Dean J. McCormick and Clara V. Gowling, and the descendants of any of them who may be deceased, who have separately been provided for above, shall not participate in this devise of my residuary real estate." The plan of the testator and his intent are remarkably clear. Parcels No. 1 and 2 were not devised immediately to the named nephews and nieces but, instead, were devised, subject to the life estate or the estate of widowhood of Sarah Gowling. To set off to the widow her share of the real estate entirely out of parcel No. 3 would not only be contrary to the provisions of section 16 of the Probate Act but would render ineffective the intent expressed in section 6 of the will. If the relief sought by the counterclaims were granted and the widow's share allotted entirely out of parcel No. 3, her allotment would absorb approximately seventy-six per cent of the devise of parcel No. 3. True it is that Lyman and Clara Gowling and Dean McCormick were favored over the other nephews and nieces by their uncle but his intent is equally clear, first, that, all his nephews and nieces were to share, *per stirpes,* in the personal property and, second, that the three specifically designated by name were expressly excluded from sharing in parcel No. 3 comprising 380 acres. In short, he manifested a solicitude for his other nephews and nieces even though he did not name them specifically but chose, instead, to provide for them as a class. The decree not only conforms to section 16 of the Probate Act but, also, to the extent not contrary to a positive rule of law,

effectuates the intention of the testator disclosed by his will. The devisees of parcel No. 3 pointedly and correctly say that when Sarah E. Gowling renounced the provisions of the will for her benefit and claimed her statutory rights "she in effect tore the estate of Joseph E. Gowling, Deceased right down the middle and is entitled to one half of all the personal property and one half of each parcel of real estate."

Only real estate is involved in this partition suit, and the decree of the circuit court correctly adjudged that plaintiff was entitled to one half of each of the three parcels of real estate in controversy and that no good or substantial defense had been made by any of the defendants to plaintiff's amended complaint.

The decree of the circuit court of Jersey County is affirmed.

*Decree affirmed.*