Belknap Probate Court,
No. 5703.

## In re Florence B. Seifert Estate.

Argued December 5, 1967.
Decided May 29, 1968.

*Orr & Reno* and *Ronald L. Snow,* for Robert E. Dobbyn, executor.

*Nighswander, Lord & Martin* and *Conrad E. Snow (Mr. Arthur H. Nighswander* orally ), for Adolph C. Seifert.

LAMPRON, J. Certification by the probate court of Belknap county, under RSA 547:30, of the following question of law:

"Whether or not the proceeds of the sale of the land and buildings in Gilford, New Hampshire described in clause 16 of the Will of Florence H. Seifert should be treated as personal property or as real estate."

The testatrix, who died on April 5, 1966, was survived by her husband, Adolph C. Seifert, and by her children of a previous marriage. She bequeathed to her husband the sum of $10,000 together with certain tangible property. The residue is devised to a trustee. Clause 16 of her will reads in part as follows:

"Sixteenth: I have purchased from my daughter and son-in-law, Ruth B. and Donald R. Humphreys, the land and buildings thereon and tangible personal property therein, excluding my boats, situated in Guilford, New Hampshire . . . It is my desire that my said daughter and son-in-law shall at my death have the right and first option to repurchase this property and the tangible personal property therein for the same purchase price, namely, Twenty-Eight Thousand ( $28,000 ) Dollars. I, therefore, direct that my said Executor shall notify my said daughter and son-in-law of the provisions of this Article of my will, and thereafter, for a period not to exceed six ( 6 ) months from the date of said official notification, the said Ruth B. and Donald R. Humphreys shall have the unrestricted right to purchase from my estate said real estate and tangible personal property for a sum of Twenty-Eight Thousand ( $28,000 ) Dollars. If said option to repurchase is not exercised within said period, or if the said Ruth B. and Donald R. Humphreys before that time indicate in writing to my said Executor their declination to exercise said option, I then direct my said Executor to sell said real estate and the tangible personal property therein, the proceeds to become part of the residue of my estate."

The husband filed in the probate court of Belknap a release of curtesy and homestead in the real estate of which the decedent died seized, together with a waiver of all provisions of the will of the decedent in his favor, in order to take his statutory share of this estate. Under RSA 560:12 I the husband is entitled to one third of the personal estate, while under RSA 560:13 II he is

entitled to one third part of the real estate to hold during life. The husband contends that under the doctrine of conversion the real estate which is the subject of clause 16 of the will is to be treated as personal estate and that he is entitled to a one third part thereof.

"Conversion may be defined to be a constructive alteration in the nature of property by which in equity real estate is regarded as personalty and personalty as realty." Thompson, Wills ( 3d *ed.* ) *s.* 460. "When we speak of conversion we are not describing a condition of the property for all purposes with respect to everybody but are giving a name to a situation resulting from the application of equitable doctrines to a state of facts between certain parties." 33 Harv. L. Rev. 813, 831. See *First Security Bank of Idaho* v. *Rogers,* 429 P. 2d 386, 389 ( Idaho 1967 ); 7 Williston on Contracts ( 3d *ed.* Jaeger ) *s.* 927. Conversion is not a fixed rule of law. It takes into account the result which its application will accomplish and should not be extended beyond the purposes it is intended to serve. *Pond* v. *Porter,* 141 Conn. 56, 68; *First Security Bank of Idaho* v. *Rogers, supra.*

When dealing with a will, conversion is designed to give effect to the testator's intention and to promote justice and will not be invoked where it is not necessary to carry out his purposes. *Fowler* v. *Whelan,* 83 N. H. 453, 456; 5 Page on Wills ( Bowe-Parker Rev. ) *s.* 46.1, *p.* 576. If the will contains a positive, unqualified and mandatory direction to sell the realty and distribute the proceeds, for the purposes of distribution under the will, the real property will be treated as personal property even before the sale, to give effect to the intent of the testator. *Fowler* v. *Whelan, supra;* 18 C.J.S., Conversion, *ss.* 15, 16; *pp.* 53-58.

However, when a surviving husband waives the provisions of his wife's will he takes his share by virtue of the laws relating to rights of surviving spouse ( RSA 560:12, 13 ) and not under the will of his deceased wife. *Hayes* v. *Seavey,* 69 N. H. 308, 310. See *Fletcher* v. *Cotton,* 81 N. H. 243; *Fellows* v. *Normandin,* 96 N. H. 260, 265. These laws fix his interest which his wife cannot deprive him of by her will. *Baker* v. *Smith,* 66 N. H. 422, 423. When he elects to take an interest other than that which his wife intended him to have under her will ( RSA 560:17 ), it would be incongruous for the husband to look to her will to enlarge, by the application of conversion, the nature of the interest which he chooses to receive by the laws of distribution. 5 Page

on Wills ( Bowe-Parker Rev. ) *s.* 46.9, *p.* 590. Unlike *In re Barnhart Estate,* 102 N. H. 519 the will in this case contained no provision of general application which could enure to the benefit of the surviving spouse regardless of any election to waive the will.

Furthermore, if the wife could determine by her will the quantity of her estate to be received by those who take by the laws of distribution as well as by those who take under her will, she could by proper direction in her will convert personalty into realty and thus deprive her husband of his statutory share in her personal estate in contravention of RSA 560:10-13.

We hold therefore that by waiving the provisions of the will in his favor, and by releasing his estate by the curtesy and his homestead right, if any, testatrix's husband, Adolph C. Seifert, became entitled to one third part of the real estate in question to hold during his life under RSA 560:13 II. Consequently our answer to the transferred question is that the proceeds of the sale of the land and buildings described in Clause 16 of the will should be treated as real estate insofar as the interest of Adolph C. Seifert is concerned and as personal estate as to the interest of all the others who take under the will. *James* v. *Hanks,* 202 Ill. 114; *Gowling* v. *Gowling,* 405 Ill. 165; 5 Page on Wills ( Bowe-Parker Rev. ) *s.* 47.38, *p.* 666.

*Remanded.*

All concurred.