(No. 58721.-)

*In re* ESTATE OF DOLORES C. MURPHY, Deceased (David J. Murphy, Appellant, v. Lorene Jones, Extr'x, Appellee).

*Opinion filed May 25, 1984.*

GOLDENHERSH, J., took no part.

David J. Murphy, appellant, *pro se.*

Hohlt, House, DeMoss & Johnson, of Nashville (Clarence W. DeMoss, of counsel), for appellee.

JUSTICE WARD delivered the opinion of the court:

The subject of this appeal is the statutory share to be given a surviving spouse who, under section 2—8 of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 2—8), renounces the will of the deceased spouse, who died leaving a daughter by a previous marriage. The circuit court of Washington County held that under section 2—8 of the Act the surviving spouse is entitled, after the payment of claims, to one-third of the entire estate. The court held that there was no just reason to delay the enforcement or appeal of its order (87 Ill. 2d R. 304(a)), and the renouncing spouse, David Murphy, filed a notice of appeal *pro se.* We allowed a motion by the executrix, Lorene Jones, for direct appeal under Rule 302(b) (87 Ill. 2d R. 302(b)).

Dolores Murphy died testate on February 22, 1981, survived by her husband, David J. Murphy and by Lorene Jones, her daughter by an earlier marriage. By Dolores' will, which was admitted to probate on March 4, 1981, she left certain designated property to her husband and the remainder of her estate to Lorene. The will named Lorene Jones as the executrix and gave her a power "to divide or distribute my estate in cash or in kind, or partly in each, or in undivided interests or in different assets or disproportionate interests in assets."

On August 10, 1981, David Murphy filed a renunciation of the will, and a codicil to it, pursuant to section 2—8 of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 2—8). What is pertinent in this statute provides:

"(a) If a will is renounced by the testator's surviving spouse, *** the surviving spouse is entitled to the following share of the testator's estate after payment of all just claims: 1/3 of the entire estate if the testator leaves a descendant ***." Ill. Rev. Stat. 1979, ch. 110½, par. 2—8.

On November 10, 1981, the executrix filed an "exercise of power to make distribution" under the will of Dolores Murphy. Under this, she distributed to the surviving spouse, David Murphy, the full undivided interest in a 95.1-acre farm, a house, personal property, and cash in the value of $21,622.76, which she stated was of the value of one-third of the entire estate, after the payment of all claims. Murphy filed objections to the exercise of the power, contending that (1) the provision giving the executrix the power of distribution was nullified upon the renunciation of the will and (2) that under section 2—8 and *Gowling v. Gowling* (1950), 405 Ill. 165, he is entitled to one-third of the personal property and an undivided one-third interest in each parcel of real property of the estate. The circuit court, rejecting the objections, held that the power to distribute was not nullified by the renunciation and that under the statute the executrix had authority to distribute an undivided interest in any of the real or personal property of the estate with a value of one-third of the entire estate.

In *McGee v. Vandeventer* (1927), 326 Ill. 425, the wife, who was named as the executrix under her husband's will, renounced the will. The will gave her a power of appointment, but it was argued that her renunciation had the effect of disabling her from acting as executrix and nullified the power of appointment. Rejecting the contention, this court stated:

"A provision in a husband's will for his wife is in legal effect an offer on his part to purchase her statutory interest in his estate for the benefit of the estate. [Citations.] Her renunciation was a rejection of the provision made for her, and its effect was to obliterate from the will such provi-

sion, leaving the other provisions operative on the part of the estate not including her statutory interest. The will is not destroyed nor is any part of the estate rendered intestate. The widow may act as executrix or trustee of a trust or donee of a power in which she has no beneficial interest." 326 Ill. 425, 432-33.

The executrix' power under the will to distribute the estate property in accordance with section 2—8 (Ill. Rev. Stat. 1979, ch. 110½, par. 2—8) was not rendered ineffective by the renunciation of the will. See also *First National Bank v. McMillan* (1957), 12 Ill. 2d 61, 66; *In re Estate of Donovan* (1951), 409 Ill. 195, 202; *Sueske v. Schofield* (1941), 376 Ill. 431, 435.

Nor do we find the renouncing husband's second contention persuasive. The executrix distributed to him, as described above, a share in the estate the total value of which, the executrix declared, was "1/3 of the entire estate" after payment of claims. Murphy argues that this distribution was erroneous and that under the statute he is entitled to one-third of the personalty in the estate and to an undivided one-third interest in each parcel of real property. He cites *Gowling v. Gowling* (1950), 405 Ill. 165, in support of his position.

*Gowling* is not controlling. As the executrix points out, the statute which then prescribed the share of a renouncing spouse provided:

"When a will is renounced by the testator's surviving spouse *** the surviving spouse is entitled to the following share of the testator's estate after payment of all just claims:

(a) if the testator leaves a descendant, one-third of the personal estate and one-third of each parcel of real estate ***." Ill. Rev. Stat. 1949, ch. 3, par. 168.

The statute governing a renouncing spouse's share has been amended since *Gowling* was decided. The language entitling a renouncing spouse to "one third of each parcel of real estate" was eliminated in 1972 and amended, as noted, to provide "1/3 of the entire estate." This amendment of the

renunciation statute coincided with other amendments which abolished the distinction between real and personal property in the administration of decedent's estates (see Pub. Act 77—1676 (1971 Ill. Laws 3178)), and eliminated the estate of dower (see Ill. Rev. Stat. 1981, ch. 110½, par. 2—9).

The judgment of the circuit court of Washington County followed the applicable statute and, for the reasons given, the judgment is affirmed.

*Judgment affirmed.*

JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.